CHARLES MATTESON and Others, Respondents, *v.* ALBERT R. PALSER and Others, Defendants, Impleaded with GEORGE N. PALSER and Others, Appellants.

| ·56 | 91 |
|---|---|
| 38 Mis²696 | |
| 56 | 91 |
| m173 NY404 | |

*Action to charge an heir at law or devisee with his decedent's debts — a beneficiary under a trust created by the decedent is a grantee — a recovery against one as devisee is not proper where the complaint alleges the will to be void — Statute of Limitations applicable — validity of a trust continuing "until the youngest survivor" of five nieces and nephews "shall arrive at the age of thirty years" — payments avoiding the Statute of Limitations.*

An action to charge an heir at law or devisee with liability for his decedent's debts to the extent of the real property which he derived from the decedent, cannot be maintained, under section 1843 of the Code of Civil Procedure, against an heir at law whose interest in the decedent's real property was not derived as heir or devisee, but as remainderman under a deed of trust executed by the decedent, without consideration, for her own benefit for life, with remainder over to her children, in the absence of evidence that such deed of trust was executed with intent to defraud creditors.

Where, in such an action, the plaintiff elects in the complaint to treat the will of the decedent as a nullity and to charge the defendants as her heirs at law on the theory that her will was void, the action cannot be sustained against the defendants as devisees under the will. .

A trust created to continue " until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years," will not, although it appears that there were five nieces and nephews, be held by the court to violate the statute against perpetuities, in the absence of proof that, at the time the trust took effect, more than two of such nieces and nephews were under the age of thirty years.

*Semble*, that the words "youngest survivor " might be construed to mean either the youngest of the nephews and nieces in question who should survive the testatrix or the youngest of those who should live to be thirty years old, and that the former construction, involving a lawful disposition of the estate, would be preferred.

*Semble*, that the action must be brought within the period of limitation governing an action on the original claim against the decedent, plus the three years added by section 1844 of the Code of Civil Procedure.

A payment by one of several obligors upon a note does not affect the running of the Statute of Limitations in favor of a co-obligor; nor does a payment thereon made by the son of one of the obligors, when not made in the latter's interest, have that effect as against such obligor or her co-obligors; nor, it seems, would it so operate even if made in the interest of such obligor.

The burden rests upon a party, seeking to charge another with an obligation claimed to be barred by the Statute of Limitations, to show that the payments necessary to take the debt out of the statute were made by the party sought to be charged for his own account and with reference to that particular debt.

APPEAL by the defendants, George N. Palser and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 12th day of April, 1900, upon the decision of the court rendered after a trial at the New York Special Term.

*John M. Stoddard*, for the appellant Palser.

*W. C. Beecher*, for the appellants King.

*Duane P. Cobb*, for the respondents.

O'BRIEN, J. :

The action is brought by the plaintiffs as assignees of a note for $8,000 given to Asahel Matteson at Providence, Rhode Island, on September 4, 1877, by Eliza King, Mary King, Martha King and C. B. Palser, to recover of the defendants as heirs of Mary King and Martha King to property located at 175 West Broadway, New York city, a balance of $2,566.77, alleged to be due on the note.

The plaintiffs, therefore, are proceeding as against the heirs of only two of the original makers of the note; and for clearness, we may consider the various defendants in the way they naturally divide themselves, as heirs of Mary King and heirs of Martha King, this latter class including certain defendants who claim that they are in fact not heirs but devisees.

The note referred to was introduced in evidence against the defendants' objection, and by its indorsements shows that interest was paid down to September 18, 1897. Accompanying the note was a mortgage upon property located in Providence which, upon default of interest, was foreclosed and the premises sold on October 20, 1897, for $6,105. This amount, together with the taxes and expenses of sale as stated by the plaintiffs, leaves as due upon the note the sum of $2,566.77, for which the action is brought under section 1843 of the Code of Civil Procedure, which provides that "The heirs of an intestate, and the heirs and devisees of a testator, are respectively liable for the debts of the decedent, arising by simple contract, or by specialty, to the extent of the estate, interest and right in the real property, which descended to them from, or was effectually devised to them, by the decedent."

The property in New York which the plaintiffs thus attempt to charge was originally owned by Jerome B. King, who, by his will, probated December 27, 1875, devised it to his wife, Eliza King, for her life, and then to his daughters, Mary and Martha King and Margaret M. Palser, with the provision that "should either of my said daughters die during the life of my said wife without leaving lawful issue, then I give, devise and bequeath the share or proportion of such deceasing* daughter or daughters to the survivors or survivor." During the life tenancy, as shown, the note and mortgage referred to were given in 1877, the note being payable within one year.

On January 15, 1890, Mary King died, leaving three sons, defendants herein, J. Berre King, Jerome Allen King and George R. King. Prior thereto, on October 16, 1880, she had made a trust deed of all her property, "including any and all interest, property and effects belonging or which should or shall belong to me, and coming from the estate of Jerome B. King, deceased," by which

* *Sic.*

deed, made upon consideration of one dollar, she constituted her son, J. Berre King, trustee, to take charge of the property and pay her the profits thereof, and, after her decease, " to distribute and pay the residue, principal and income" to her three sons.

On May 6, 1895, Eliza King died, and five days thereafter, on May 11, 1895, Martha King died, leaving a last will and testament. By this will she created a trust for the benefit of her nieces and nephews, Albert B. Palser, Martha J. Palser, George N. Palser, Mary A. Palser and Eliza K. Palser, all defendants herein, by which the income of her estate was to be paid to them " semi-annually for their education and support until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years, when I direct my executors * * * to divide and pay over the residue of my estate to my said nieces and nephews."

The plaintiffs argue that the defendants King took their interest in the property here in question as heirs of Mary King, she having a vested remainder under the will of Jerome B. King (*Loder* v. *Hatfield*, 71 N. Y. 92, 100; *Bushnell* v. *Carpenter*, 92 id. 270; *Matter of Young*, 145 id. 535, 540), and assert that the trust deed which she made was invalid because at the time it was made she was personally liable on the note, and it is improper that she should be permitted by such an instrument, made without consideration for her own benefit for life with remainder over to her sons, to cut off the rights of creditors against the body of the estate. In answer to this it is urged, admitting that Mary King took a vested remainder, that she could dispose of her interest by trust deed, and that the only way in which the deed can be declared invalid is by holding that it was given with a fraudulent intent to defeat the claim of a creditor, and of this there is no evidence. And, in the same connection, it is pointed out that, at the time the deed was given, the note — although it was then unpaid — was supported by a mortgage given as collateral security, and there is in the case nothing to indicate that Mary King had any reason to believe that the mortgage was not ample security for the payment of the note. This answer, we think, is good, and it follows that the defendants King derived their interest in the property sought to be charged, not as devisees or heirs, but as grantees, and cannot, therefore, be held in an action such as this.

The plaintiffs' further claim is that the will of Martha King is invalid, and, therefore, the beneficiaries thereunder, defendants herein, who are related to her, do not take as devisees, but, together with other of the defendants, take as heirs of Martha King. The alleged invalidity of the will is in the trust which is created " until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years," it being claimed that as there were five nieces and nephews, the statute against perpetuities was violated, and there was a suspension of the power of alienation for more than two lives in being at the creation of the estate. If this were true, the will, of course, must fail. (*Benedict* v. *Webb*, 98 N. Y. 460; *Schettler* v. *Smith*, 41 id. 328; *Fowler* v. *Ingersoll*, 127 id. 472; *Haynes* v. *Sherman*, 117 id. 433.)

The burden, however, of showing that an actual invalidity existed was on the plaintiffs, since it cannot be said that the presumption is that the trust was void. It could not be void if all or only two of the beneficiaries were over thirty years of age when the trust was created. Nowhere in the record is there proof that any of the beneficiaries were under thirty, and since it was not shown that more than two were under thirty years of age, the plaintiffs have not assailed the validity of the trust. Had such proof been offered, however, we are inclined, for the reasons stated by the learned referee in the action pending in the Supreme Court, entitled *Palser* v. *King*, to think that the trust was valid. In his opinion therein, referring to the language of the will of Martha King, he says: " This language is ambiguous, as the expression 'youngest survivor' may well mean the youngest of the children in question who shall survive the testatrix, or might be held to mean the youngest of those who shall live to be thirty years old. The words used would probably justify either construction, * * * hence it is a rule of construction in such cases that of two reasonable interpretations of doubtful language, one which makes a lawful disposition of the estate must be adopted as expressing the intention of the testator, rather than one which would give rise to intestacy, and so defeat the wish of the testator to dispose of his property by will."

If the will, then, be valid, the beneficiaries thereunder took as devisees and not as heirs. Nor can it be said that this action is good as against the defendants as devisees, for the plaintiffs elected

in their complaint to treat the will of Martha King as a nullity, and to charge the defendants as heirs on the theory that such will was void. The situation is the same as if Martha King had devised her property to third persons. As against the second set of defendants, therefore, we think the judgment was erroneously entered.

Aside from these considerations as to the heirs of Mary and Martha King, it here appears that all the defendants by answer interpose the Statute of Limitations. The note was given in 1877 and was due within one year. The evidence showing that interest had been paid thereupon down to September 18, 1897, was admitted under exception. The payments were made apparently by Martha King, whose letters were put in evidence, also under exception. Mr. Matteson died in February, 1890, and thereafter payments were made to his executor, by Martha King, by Martha Palser and by George R. King, a son of Mary King.

It was objected that the letters from Martha King to Mr. Matteson, both the parties having died, could not, under section 829 of the Code of Civil Procedure, be properly introduced and, in any event, were not evidence against Mary King. If competent against Martha King, they were in no sense binding on Mary King after her death. The same may be said of the stipulation introduced, made in another action by the defendants King and others, to the effect that "Martha Palser has fully accounted for all of the rents collected from all of the real estate of Jerome B. King." As to the letters referred to, we think it is clear that, whatever effect they would have in suspending the bar of the statute as against Martha King, they would not keep alive the debt against Mary King. She died in January, 1890, and the defendants, children of Mary King, were not served herein until February, 1899 — more than nine years after her death. But an action under section 1843 of the Code of Civil Procedure to enforce the payment of a note made by a decedent to the extent of the interest in realty received from said decedent, is an action to recover upon the note and is subject to the six years' Statute of Limitations, with the three years added by section 1844, and such action must be brought within nine years. (*Adams* v. *Fassett,* 149 N. Y. 61, 68; *Mead* v. *Jenkins,* 27 Hun, 570; 95 N. Y. 31.)

The further argument that the debt against Mary King was kept

alive by two payments on the mortgage made by one of her sons, George R. King, is not sound for the reason that such payments were not made in her interest, and had they been would not have had the effect of reviving the debt. (*Butler* v. *Johnson*, 111 N. Y. 204, 218.) Besides, it is here made to appear that these payments were made by the son as agent of the estate of his grandfather for interest on a mortgage covering property of the estate. This mortgage, it is true, was the one given to secure the note which his mother had signed, but he had no knowledge, as he testified, of the existence of the note, and if he had it would have made no difference, since his object and intent, as agent of the estate of his grandfather, was to make payment of interest on the mortgage for the purpose of protecting the property of that estate. The burden is always on the party seeking to charge another to show that the payments necessary to take the debt out of the statute were made by the debtor for his own account and with reference to that particular debt. (*Littlefield* v. *Littlefield*, 91 N. Y. 203, 210; *Murdock* v. *Waterman*, 145 id. 55; *Crow* v. *Gleason*, 141 id. 489.) The Statute of Limitations, therefore, is also a sufficient reason for reversing the judgment as against the defendants King.

As to Martha King, assuming that the letters were competent and the payments binding upon her, they would be sufficient to revive the debt if the New York Statute of Limitations applied. The debt sought to be enforced, however, was originally evidenced by the note; and it is, in fact, a deficiency judgment, arising after sale of collateral, which is sought to be charged against and made a lien upon the property which, as heirs or devisees, the defendants named received from Martha King. Unless this can be regarded as an action involving " the title to or possession of real property within the State," recovery, it appears, would be barred by the Statute of Limitations of New Jersey, which was the home of Martha King. The New Jersey statute bars an action upon a note after six years; and, under section 390 of our Code of Civil Procedure, it is provided that, against a non-resident, an action upon a demand barred by the law of his residence, cannot be maintained unless it involves " the title to or possession of real property within the State," except where the cause of action originally accrued in favor of a resident of

the State, or where before the expiration of the time so limited, such person became a resident of the State, or the cause of action was assigned to and was thereafter continuously owned by a resident of the State. The plaintiffs and the testators were all formerly residents of the State of Rhode Island, and there is no evidence that any of them ever resided in the State of New York; and Martha King, from 1877 to the time of her death, was a resident of New Jersey.

Under such circumstances, a serious question arises whether the Statute of Limitations of New Jersey, which would be a complete bar, is not the one that applies. Without deciding that question, however, as it is unnecessary to do so, we think for the reasons already stated that the judgment against the persons here sued as heirs at law of Martha King, must be reversed.

The judgment, therefore, as to all the defendants must be reversed and a new trial granted, with costs of this appeal to each separate set of defendants to abide the event.

VAN BRUNT, P. J., PATTERSON and McLAUGHLIN, JJ., concurred; RUMSEY, J., concurred in the result.

Judgment, as to all the defendants, reversed and new trial granted, with costs of appeal to each separate set of defendants to abide event.