CHARLES MATTESON et al., Appellants, *v.* ALBERT R. PALSER et al., Respondents.

1. ACTION TO CHARGE HEIRS AT LAW AND DEVISEES WITH DEBTS OF THEIR DECEDENTS — GRANTEES UNDER TRUST DEED NOT LIABLE AS HEIRS AT LAW. Where, in an action brought by a creditor under sections 1843–1860 of the Code of Civil Procedure against the heirs at law of two deceased sisters to recover a deficiency arising upon the foreclosure, after their death, of a mortgage made by them in their lifetime to secure the payment of their note to plaintiffs' assignor, the children of one of the co-debtors did not derive title to their mother's real property by descent or devise, but as grantees under a conveyance of all her property made in her lifetime to a trustee, whereby she reserved to herself the income thereof during her life, and on her death gave the remainder to her children, they are not liable for their mother's debt as the heirs at law of her real property, in the absence of proof that the conveyance was made with intent to defraud her creditors, and that at the time of the execution thereof the mortgaged property was not sufficient to pay plaintiffs'

note, which proof can only be adduced in an action brought by one cred-
itor in behalf of himself and all other creditors, under section 232 of the
Real Property Law (L. 1896, ch. 547), to set aside the conveyance as
fraudulent.

2. SAME — CONSTRUCTION OF WILL — WHEN IT DOES NOT SUSPEND
POWER OF ALIENATION FOR MORE THAN TWO LIVES IN BEING. Where,
in such action, some of the defendants are liable as heirs at law of a
deceased aunt only in the event that her will devising her real property
to others should be held invalid because it provided that all of her prop-
erty should be divided equally among the children of a deceased sister,
and that her executors should take care of and manage her estate and pay
the income thereof to such nephews and nieces until the youngest survivor
of them should arrive at the age of thirty years, when such executors, or
the survivor of them, should divide and pay over the residue of the
estate to such nephews and nieces, to the survivors or survivor of them,
such will is not invalid, because the ownership of the personal property
and the power of alienation of the real property might be suspended for
five lives, in the absence of proof that any of such beneficiaries were
under the age of thirty years at the time of the death of testatrix,
and, therefore, the testatrix cannot be held to have died intestate, and no
recovery can be had against any of the defendants as the heirs at law of
her real property.

3. SAME — FAILURE TO RECOVER AGAINST DEFENDANT AS HEIR AT
LAW DOES NOT PRECLUDE RECOVERY AGAINST HIM AS DEVISEE. Not-
withstanding the fact that plaintiff in such action sought to have the will
of one of the co-debtors held invalid and to hold all of the defendants liable
as her heirs at law as if she had died intestate, such claim is not inconsist-
ent with and does not prevent a recovery against one of such defendants
as a devisee under the will for such a proportion of the debt as he would
have been liable to pay as an heir at law, although as a devisee he would
have been liable for a larger amount, and so long as plaintiff is satisfied
with such recovery it should not be disturbed when the only change on
a new trial would be to increase its amount.

4. APPEAL — STATUTE OF LIMITATIONS — QUESTION OF FACT. When
the trial court made no finding on the question whether the Statute of
Limitations barred plaintiff's claim in such action, and the reversal by the
Appellate Division is not stated to be on the facts, the question is not
reviewable in the Court of Appeals.

*Matteson* v. *Palser*, 56 App. Div. 91, modified.

(Argued December 12, 1902; decided February 10, 1903.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 14, 1900, reversing a judgment in favor of plain-

tiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Duane P. Cobb* for appellants. Mary King took a vested remainder under the will of Jerome B. King, deceased. (*Matter of Bennett*, 3 K. & J. 280; *Matter of Theed*, 3 K. & J. 379; *Halifax* v. *Wilson*, 16 Ves. 171; *Leaning* v. *Sherratt*, 2 Hare, 14; *Loder* v. *Hatfield*, 71 N. Y. 92; *Bushnell* v. *Carpenter*, 92 N. Y. 270; *Matter of Young*, 145 N. Y. 535; *Goebel* v. *Wolf*, 113 N. Y. 405; *Traver* v. *Schell*, 20 N. Y. 89.) The trust deed made by Mary King to J. Berre King, as trustee, in favor of herself, was invalid as against these plaintiffs as creditors of Mary King. (*Parker* v. *Corwin*, 15 J. & S. 522.) The will of Martha King suspends the power of alienation for more than two lives in being at the creation of the estate and is, therefore, contrary to our statute and void, and the real estate of which she died seized in the state of New York passed to her heirs at law. (*Lynes* v. *Townsend*, 35 N. Y. 561; *Lee* v. *Tower*, 124 N. Y. 370; *White* v. *Howard*, 46 N. Y. 144; *Haynes* v. *Sherman*, 117 N. Y. 4; *Schettler* v. *Smith*, 41 N. Y. 328; *Fowler* v. *Ingersoll*, 127 N. Y. 472; *Benedict* v. *Webb*, 98 N. Y. 460; *Matter of Tompkins*, 154 N. Y. 634; *Matter of Fargo* v. *Squiers*, 154 N. Y. 250.) The executors and trustees of Vincent C. King are not necessary or proper parties to this action. (*Finck* v. *Berg*, 50 Hun, 211.)

*John M. Stoddard* for respondent Palser. Even if the legal effect of the residuary clauses of the will of Martha King is a devise to her executors as trustees, the trust is for one life only and is valid. (*Moore* v. *Lyon*, 25 Wend. 119; *Kelly* v. *Kelly*, 61 N. Y. 47; *Stevenson* v. *Leslie*, 70 N. Y. 515; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Henderson* v. *Henderson*, 113 N. Y. 1; *Fargo* v. *Squiers*, 154 N. Y. 250; *Hawley* v. *James*, 16 Wend. 60; *Ward* v. *Ward*, 105 N. Y. 75; *Green-*

*land* v. *Waddell*, 116 N. Y. 234; *Benedict* v. *Webb*, 98 N.
Y. 460.)  The will of Martha King creates no express trust,
and none need be implied, for all the duties imposed and the
powers conferred on the executors of the said will can be per-
formed under a power.  (*Robert* v. *Corning*, 89 N. Y. 225;
*Post* v. *Hover*, 33 N. Y. 593; *Henderson* v. *Henderson*, 113
N. Y. 1; *Durfee* v. *Pomeroy*, 154 N. Y. 583; *Cook* v.
*Platt*, 98 N. Y. 36; Chapin on Sus. of Alienation, §§ 145,
157, 288; *Everett* v. *Everett*, 29 N. Y. 39; *Converse* v.
*Kellogg*, 7 Barb. 590; *Steinway* v. *Steinway*, 163 N. Y. 183.)
Any recovery against the devisees or heirs of Martha King is
barred by the Statute of Limitations of New Jersey.  (*But-
ler* v. *Johnson*, 111 N. Y. 204; *Schutz* v. *Morette*, 146 N. Y.
137.)  This action was barred by the Statute of Limitations
of New York.  (*Adams* v. *Fassett*, 149 N. Y. 61; *Hulbert*
v. *Clark*, 128 N. Y. 295; *Murdock* v. *Waterman*, 145 N. Y.
55; *Harper* v. *Fairley*, 53 N. Y. 445; *Mills* v. *Davis*, 113
N. Y. 247; *Roseboom* v. *Billington*, 17 Johns. 181; *Grey* v.
*Grey*, 47 N. Y. 552; *Tooley* v. *Bacon*, 70 N. Y. 34; *Lock-
wood* v. *Fawcett*, 17 Hun, 146; *Butler* v. *Johnson*, 111 N.
Y. 204.)

*William C. Beecher* and *Richard B. Kelly* for respondents
King.  The heirs or devisees of a decedent cannot be held
liable except for a valid and existing indebtedness of said
decedent, and then not jointly but respectively to the extent
of, and only to the extent of, the real property received by
such heirs or devisees.  (Code Civ. Pro. §§ 1843, 1846, 1847;
*Selover* v. *Coe*, 63 N. Y. 438.)  There was no right of action
against Mary King at the time she died.  (*Murdock* v. *Water-
man*, 145 N. Y. 55, 64; *Mack* v. *Anderson*, 165 N. Y. 529;
*Van Keuren* v. *Parmelee*, 2 N. Y. 523; *McMullen* v. *Raf-
ferty*, 89 N. Y. 456; *Kelly* v. *Webber*, 27 Hun, 8; *Shoe-
maker* v. *Benedict*, 11 N. Y. 176; *City Nat. Bank* v. *Phelps*,
86 N. Y. 484; *Smith* v. *Ryan*, 66 N. Y. 352; *Acker* v. *Acker*,
81 N. Y. 143; *Littlefield* v. *Littlefield*, 91 N. Y. 203.)  The
two payments of the mortgage interest by the defendant

George R. King, one of the sons of Mary King, did not revive the debt as to his deceased mother, nor as to her estate, nor did he thereby render himself liable therefor. It most certainly did not bind the other defendants. (*Hulbert* v. *Clark*, 128 N. Y. 295; *Littlefield* v. *Littlefield*, 91 N. Y. 203; *Murdock* v. *Waterman*, 145 N. Y. 55; *Crow* v. *Gleason*, 141 N. Y. 489; *Schutz* v. *Morette*, 146 N. Y. 137; *Butler* v. *Johnson*, 111 N. Y. 204.) The trust deed made by Mary King to J. Berre King, as trustee, was valid and conveyed the full legal title. (*Townshend* v. *Frommer*, 125 N. Y. 446.) Mary King did not die seized of the real estate in question, nor of any part thereof. No part of said real property descended to the defendants from or was devised to them by Mary King. (Chaplin on Sus. of Alienation, 38; *Guernsey* v. *Guernsey*, 36 N. Y. 267; *Smith* v. *Edwards*, 88 N. Y. 92; *Dana* v. *Murray*, 122 N. Y. 604; *Paget* v. *Melcher*, 156 N. Y. 399; *Moore* v. *Littel*, 41 N. Y. 66; *Dougherty* v. *Thompson*, 167 N. Y. 472; *Matter of Cramer*, 170 N. Y. 271; *Selover* v. *Coe*, 63 N. Y. 438.) As to the defendants (children of Mary King) not only is the debt outlawed by the General Statute of Limitations, but this present action is barred as not brought within the time allowed by law for the bringing of such action. (*Church* v. *Olendorf*, 49 Hun, 439; *Sanford* v. *Sanford*, 62 N. Y. 553; *Butler* v. *Johnson*, 111 N. Y. 204; *Adams* v. *Fassett*, 149 N. Y. 61; *Mead* v. *Jenkins*, 27 Hun, 570; 95 N. Y. 31.) No estate, interest or right in the real property in question descended to the defendants King from, or was devised to them by, Martha King. (Code Civ. Pro. §§ 1843, 1852.)

CULLEN, J. This action is brought under sections 1837 to 1860 of the Code of Civil Procedure (which are a substitute for the provisions of the Revised Statutes) to recover of the defendants as heirs at law of Mary King and Martha King, deceased, the amount unpaid on a promissory note given by said deceased with others to the testator of the plaintiff's assignor, one Asahel Matteson, on September 4th, 1877, for

the sum of $8,000, payable one year after date with interest payable semi-annually.   To secure the payment of the note the parties executed a mortgage of real property in the state of Rhode Island.   Interest was paid thereon to March 4th, 1898, when default having been made the mortgaged land was sold on October 26th of the same year, resulting in a deficiency of $2,566.77.   The real property in this state upon which it was sought to charge the plaintiffs' claim came to Mary King and Martha King by the following devise in their father's will :  " I give, devise and bequeath unto my said wife, Eliza, all my estate, both real and personal, whatsoever and wheresoever, for and during her natural life and no longer.   At the death of my said wife I give, devise and bequeath my said estate, real, personal and mixed, whatsoever and wheresoever, unto my three daughters, Mary and Martha King and Margaret M. Palser, to them and to their heirs and assigns forever, in joint and equal proportions, share and share alike.   Should either of my said daughters die during the life of my said wife, without leaving lawful issue, then I give, devise and bequeath the share or proportion of such deceasing daughter or daughters to the survivors or survivor of my said three daughters, as the case may be, and to the heirs and assigns of such survivors or survivor."   The testator's widow, the life tenant, Eliza King, died May 5th, 1895.   Mary King, one of the remaindermen, died in the lifetime of her mother, on January 15th, 1890, leaving as her only heirs at law the defendants J. Berre King, Jerome A. King and George R. King.   Martha King died May 11th, 1895, without issue, leaving a will, the validity of which is challenged.   Her heirs at law were two brothers, the defendant C. Volney King and one Vincent C. King, who died prior to the commencement of this action, and nephews and nieces, to wit, the three defendants King, already mentioned, sons of Mary King, and the defendants Palser, the children of a deceased sister.   The action was brought against the defendants J. Berre, Jerome and George King as heirs at law of their mother, Mary King, and against all the defendants as heirs at law of Martha King, the plaintiffs charging that the

will of Martha King was invalid, and that the real estate passed as in case of intestacy. Neither Mary King nor Martha King left any personal property within this state, nor were any letters of administration issued on their estates. The defendants answered, all pleading the Statute of Limitations, the children of Mary King admitting the intestacy of Martha King, while the other defendants pleaded her will and averred that it was valid and effectual to pass the property. The trial court rendered judgment for the plaintiff as against all the defendants, holding that the will of Martha King suspended the absolute power of alienation for more than two lives in being, and was, therefore, void. In compliance with the statute the recovery was apportioned between the several defendants, according to their respective interests, proceeding on the theory that Martha King died intestate. The defendants King and the defendant George N. Palser appealed from this judgment to the Appellate Division, where it was reversed and a new trial granted as to the appellants.

I shall first consider the liability of the defendants who are the sons of Mary King. It is contended by their counsel that they took as devisees under the will of their grandfather. This position cannot be sustained. The will contains a present gift to the remainderman on the death of the life tenant. That remainder was vested subject to be divested in only one contingency, the death of the remainderman without issue prior to that of the life tenant. That contingency has not occurred for Mary King left issue, and hence the gift over did not take effect. There is no substitutional gift in favor of the issue of a remainderman, nor does the gift over raise by implication a devise to such issue. It is unnecessary, however, to discuss this further as we think that judgment was properly reversed as to these defendants for another reason pointed out in the opinion of the Appellate Division. Mary King in her lifetime made a conveyance of all her property to a trustee whereby she reserved to herself the income during life, and on her death gave the remainder to her children. Her sons, therefore, did not inherit the property as heirs at

law of their mother but acquired it under the trust deed. The learned counsel for the plaintiffs contends that this conveyance was fraudulent as against Mary King's creditors. But this claim does not help them here. Under section 232 of the Real Property Law an action may be maintained by a creditor to set aside a conveyance made by a deceased person as fraudulent, but such action must be brought, not for himself individually, but on behalf of all the creditors of the deceased, which is not the present action. Moreover there is neither finding nor proof that the conveyance of Mary King was made with intent to defraud her creditors, and it may be that at the time of its execution the mortgaged property was amply sufficient to pay the plaintiff's note.

To determine the rights of the other defendants it is necessary to consider the provision of Martha King's will which is assailed. She first directed that all mortgages, notes, moneys, real estate and life insurances, whatsoever and wheresoever, belonging to her should be equally divided among her three nieces and two nephews, the defendants Palser. By the seventh clause she further directed that her executors should take care of and manage the said estate, paying the income to said nephews and nieces semi-annually "until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years, when I direct my executors or the survivors or survivor of them to divide and pay over the residue of my estate to my said nieces and nephews, to the survivors or survivor of them." It is contended by the counsel for the plaintiffs that by this provision the absolute ownership of the personal property and the power of alienation of the real property might be suspended for five lives and, therefore, it contravenes our statute. To this claim the Appellate Division answered that there was no proof as to the ages of these beneficiaries at the time of the death of Martha King, and that it might well be that none were then under the age of thirty years. The court was also inclined to think that by the proper construction of the will the term "the youngest survivor" referred to the youngest nephew or

niece who might survive the testator, not the one who should reach the age of thirty years, in which view there would be no suspension for more than one life. We think the first answer of the Appellate Division to the plaintiffs' claim is conclusive, but refrain from passing on the second, because it appears that the question is involved in a litigation between other parties. It follows, therefore, that the plaintiffs did not establish that Martha King died intestate, and no recovery could be had against any of the defendants as her heirs at law.

For the reasons last stated the judgment was properly reversed against the defendant C. Volney King; but should it have been reversed in favor of the defendant George M. Palser? I think there is no such inconsistency between an action under the Code to charge heirs and one to charge devisees that an action brought against parties in one capacity must necessarily fail if it appears that the property has come to them in the other capacity. The question of the validity of a will is often, as in the present case, a very doubtful one. It is generally best determined in litigation directly between the persons who are interested in upholding it and those interested in nullifying it. I do not see why a creditor must decide that question at his peril if he establishes that in one capacity or the other, either as heir at law or devisee, the defendants are liable to respond to his claim. If the plaintiffs had recovered a larger sum from the defendant Palser as heir at law than the latter would be liable for as devisee, doubtless the judgment establishing such liability would necessarily be reversed. But the contrary is the situation here. If the will of Martha King is upheld, the interest in her real property passing to the defendant Palser is several times as great as that which would come to him as heir at law. The will also shows that none of her real estate passed to her heirs at law, for the devise is of all. This is a full compliance with the requirements of section 1849 of the Code of Civil Procedure. The plaintiffs were satisfied with their recovery against the defendant Palser, and, as long as they were satisfied, it should

not have been disturbed when the only change on a new trial would be to increase its amount.

In the opinion of the Appellate Division there is discussed the question whether the Statute of Limitations barred the plaintiff's claim. The trial court made no finding on that subject, and, as the reversal by the Appellate Division is not stated to have been on the facts, the subject is not before us for review. (*National Harrow Co.* v. *Bement & Sons*, 163 N. Y. 505.) We may say, however, that the evidence clearly establishes that the plaintiffs' demand against Mary King and against her estate was barred by the Statute of Limitations and equally clearly that their claim against Martha King and her estate was not so barred. The statute of New Jersey where Martha King resided is in effect the same as ours and bars a claim on a simple contract for the lapse of six years. But the common-law rule prevails there the same as here that payments will prevent the running of the statute, as will appear by reference to the decisions of the court of that state. Martha King's letters established such payments within the statutory period.

The order of the Appellate Division as to the defendants King should be affirmed and judgment absolute rendered in their favor against the plaintiff, with costs. As to the defendant George N. Palser the order should be reversed and the judgment of the trial court against that defendant affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Ordered accordingly.