(118 App. Div. 1)

COSTON et al. v. COSTON et al.

(Supreme Court, Appellate Division, Second Department.  March 15, 1907.)

PERPETUITIES—WILL.

> A will devising property in trust until the youngest of several grand-children should become 25 years old, when they should take the property in fee simple, must be construed to limit the trust to the time when the youngest of the grandchildren living at testator's death should become 25 years old, or die before reaching that age, and hence it was not void as offending the statute of perpetuities.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 45-56.]

Appeal from Special Term.

Action by Anna Louise Coston and others against Spencer W. Coston and others.  Plaintiffs appeal from an interlocutory judgment sustaining a demurrer to the complaint.  Reversed, and demurrer overruled.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Frank Harvey Field (Walter Lester Glenney, on the brief), for appellants.

John G. Agar, for respondent.

MILLER, J.  The action is for specific performance of a contract made by the respondent's testatrix, whose will was admitted to probate in the District of Columbia.  The respondent is sued as executor and trustee and by demurrer seeks to raise the question of want of jurisdiction.  It is not disputed that the courts of this state have no jurisdiction over a foreign executor, but the appellant seeks to sustain the complaint against the respondent as trustee, and, as the complaint asks for relief which might be granted against the trustee, it becomes necessary to determine the contention of the respondent which prevailed before the learned justice at Special Term, that the trust provision is void as offending the statute against perpetuities.  I quote the material part of said provision:

> "Fifth:  I give and devise all my real estate situated in the County of Richmond in the State of New York in equal shares to the children of my deceased son, William F. Coston, in the manner following, that is to say: Said real estate shall be held in trust by my executor hereinafter named, until the youngest of said children shall attain the age of twenty-five years, at which time they shall take the same in fee simple, the net income therefrom being in the meantime paid to them or for their use and benefit."

Five children of said William F. Coston survived the testatrix. The complaint is silent as to their respective ages, except for the allegation to the effect that two are minors over the age of 14, and that the youngest will not attain the age of 25 years until the 15th day of July, 1913.  The learned justice at Special Term was of the opinion that the power of alienation was suspended for the definite term of nine years and six months, and, if that was the effect of the provision quoted, it is unnecessary to discuss the proposition that no valid trust was created, but we think the learned justice erred in so construing

said trust provision. In this class of cases it is necessary first to determine the intent of the testatrix. That done, the application of the statute is a simple matter. What did the testatrix mean by saying that the estate should be held in trust "until the youngest of said children shall attain the age of twenty-five years"? Did she mean until such time as the youngest if living would attain the age of 25 years? She did not say so. In fact, to my mind, she did not say anything suggestive of that construction, and yet that must be the construction adopted if we are to adopt the view that the trust term was measured by years, and not by lives. Did she mean until the youngest of said children attaining the age of 25 years should attain that age? If so, the trust term might be measured by so many lives as there were children under 25 years of age, but there is nothing in the complaint to show that more than two were under such age. Therefore we are not to assume that the trust was to continue for more than two lives in being. Matteson v. Palser, 173 N. Y. 404, 66 N. E. 110. While we do not think the construction last above suggested is warranted by the language used, it is certainly the most favorable to the defendants of any which may be regarded even as permissible. We might well, therefore, rest our decision of the question now presented upon the authority cited supra; but, as it is evident that the proper construction of the provision in question must ultimately be determined, it may help to shorten the litigation by determining that question now, as we do not need to look outside of the will for this purpose.

The expression, "until the youngest of said children shall attain the age of twenty-five years," seems hardly to require construction. There might be some doubt whether the words, "the youngest of said children," referred to the date of the will or the death of the testatrix, but this doubt, if doubt there could be, is removed by section 54 of the real property law (Laws 1896, p. 568, c. 547), so that we may start with the premise that the expression means the youngest of said children living upon the death of the testatrix. The property is to be held then until that child "attain the age of twenty-five years." This is plain enough, except for the possible contingency of the death of such child before attaining that age, which is not expressly provided for, and I am at a loss for a reason for departing from the plain meaning of the language simply because a possible event is not expressly provided against. If the testatrix's intent can fairly be inferred from the language used, it seems to me simpler to supply the missing words than to give the words used an unwarranted meaning. Plainly the testatrix did not intend that the trust should become perpetual. She has explicitly provided that it should terminate when the youngest child living at her death should attain the age of 25 years. It must be assumed that the testatrix expected that the trust would terminate in case that event should become impossible by reason of the prior death of such child, because she has not limited the remainders upon any other event. To my mind, there can be little more doubt about the intention of the testatrix than would exist had she said:

"Until the youngest of said children living at my death shall attain the age of twenty-five years, or sooner die."

There could be no doubt of the validity of such a provision, because the remainders would be limited upon only one life, and it seems to me that that is the only construction which will not do violence to the language used, and this without regard to the rule that the court will lean toward that construction which will sustain he will. The cases of Staples v. Hawes, 39 App. Div. 548, 57 N. Y. Supp. 452, Hagemeyer v. Saulpaugh, 97 App. Div. 535, 90 N. Y. Supp. 228, and Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917, cited by the respondent, are not at all in point, for the reason that by express words the testator in each case measured the trust term by years, and not by lives. Lang v. Ropke, 5 Sandf. 363, In re Sands' Will, 3 N. Y. Supp. 67, Becker v. Becker, 13 App. Div. 342, 43 N. Y. Supp. 17, and Van Cott v. Prentice, 104 N. Y. 45, 10 N. E. 257, are like the case at bar, except that in those cases the limitation was until the youngest child attain "twenty-one years," or that in effect, and in each it was held that the trust was valid because terminable upon the death of such child before reaching that age, but it was thought by the learned justice at Special Term, and is urged by the respondent on this appeal, that the fact that the trust term in those cases was measured by a minority distinguished them from the case at bar, for the reason that it was formerly held and later provided by statute that for the purpose of determining whether there was an unlawful suspension of the power of alienation "a minority is deemed a part of a life, and not an absolute term equal to the possible duration of such minority." If it were permissible to construe the words, "until the youngest of said children shall attain the age of twenty-five years," to mean until the time when the youngest of said children, if living, would attain the age of 25 years, there would be force in the distinction, but if we are correct in assuming that the language does not admit of a construction which measures the trust term by years, but that, at most, the permissible constructions limit the trust either upon a life or upon lives, it is difficult to see how the distinction relied upon can be maintained. In the case of Matteson v. Palser, 56 App. Div. 91, 67 N. Y. Supp. 612, 173 N. Y. 404, 66 N. E. 110, the trust term was thus limited, viz., "until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years." There were five nieces and nephews, but it did not appear that more than two were under the age of 30 years, and the decision upholding the trust was put upon the ground that the court would not assume that the trust term was measured by more than two lives. This ground of decision was adopted by the Court of Appeals. That case is therefore controlling authority against a construction of such a clause as that involved here, which would measure the trust term by years, and not by lives. A majority of the Appellate Division in that case were inclined to the view that the trust would have been valid even had it appeared that more than two of the beneficiaries were under 30 years of age, and the only doubt that was apparently deemed possible to entertain on this point was as to the construction of the expression, "youngest survivor"—wheth-

er it meant the youngest who should survive the testator, or the youngest survivor of the nephews and nieces arriving at the age of 30 years. It was assumed as a matter of course that, if the expression meant the youngest who should survive the testator, the validity of the trust was not even debatable, and, while the Court of Appeals did not pass on that question for the reason that it appeared to be involved in a litigation between other parties, the question as stated by that court apparently turned solely on the construction of the expression, "the youngest survivor." In the case at bar we have no such ambiguity.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to plead over on payment of costs. All concur.