(63 Misc. Rep. 601.)

SCHREINER et al. v. SCHREINER et al.

(Supreme Court, Special Term, New York County.    June, 1909.)

WILLS (§ 782*)—CONSTRUCTION—DEVISE IN LIEU OF DOWER.

Testator gave his residence to his widow, and the residue of his estate he devised in trust to pay the widow a certain sum annually and the balance of the income to his children, the annuity to the widow to cease on her remarriage, and she to receive in that event her dower, which would exceed her annuity. *Held*, that the annuity was not in lieu of dower.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

Action by Virginia Schreiner and others, as executors and trustees, against Virginia Schreiner and others, to construe a will. Decree rendered.

The decedent, George Schreiner, died possessed of real property from which he derived an annual income, exclusive of his residence, of about $31,000. By his will he devised his residence and bequeathed his household furniture to the defendant Virginia Schreiner, and, after directing the payment of his debts and making some bequests, gave all the rest, residue, and remainder of his estate to his executors, in trust to collect the rents and income, and, after payment of running charges, to pay to his widow, Virginia Schreiner, as long as she remained unmarried, the yearly sum of $8,000 for her support and maintenance and for the support, maintenance, and education of his children during their minority—the balance of said income to be paid to his children equally. Upon remarriage of his wife, he directed that said yearly annuity bequeathed to her should cease, and she should receive her dower in his estate, in accordance with the laws of this state, and the remainder of his estate, after such remarriage, or in case of the death of his wife without having remarried, should be held by his executors, in trust, until his youngest child should have attained the age of 21 years, and in the meantime his trustees were to pay from time to time, for the support, maintenance, and education of his children, such sums of money and at such times as they should deem best, and, upon his youngest child attaining the age of 21 years, to divide his residuary estate between them, share and share alike. He further gave his executors and trustees full power to lease, mortgage, or sell any and all of his real estate and to execute and deliver proper instruments. The defendant Virginia Schreiner claimed dower in the testator's realty in addition to the annuity bequeathed to her.

Amend & Amend (Alfred J. Amend and James F. Curnen, of counsel), for plaintiffs.

John E. Donnelly and Charles L. Denks, for defendant Virginia Schreiner.

Henry H. Sherman, guardian ad litem, for infant defendants.

BISCHOFF, J. Upon the question whether the testator intended that the annuity of $8,000, payable to his widow for her support and the support of the minor children, should be in lieu of dower, my con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

struction of the will before me is that dower was not excluded. The provision of the will that, in the contingency of the widow's remarriage, "said yearly annuity bequeathed to her shall cease, and she shall receive her dower in my estate in accordance with the laws of this state," imports the testator's recognition of the continued existence of the dower right, notwithstanding the existence of the annuity. Had he intended that the widow's dower should be suspended, only to be revived in the event of her remarriage, some additional words to suggest this condition of futurity would be looked for in the clause considered; and to imply such a condition would be at variance with the probable intention, in view of the circumstances under which the will was made. It appears that this widow's dower would represent a sum in excess of $10,000 a year; and it is highly improbable that the testator wished to place a premium upon her remarriage, a result which he must have known might follow, if she was to exchange the smaller annuity, charged with the children's support, for the greater income available from the "revived" right of dower.

A will which provides for a widow's improved financial condition should she remarry is certainly unusual, tested by ordinary experience of the working of human impulses; and, where the testator's chosen words indicate no intention to reward his widow for her remarriage, a clause which purports to alter her financial condition in that event is not to be strained towards a meaning opposed to the probable intention that the alteration is for the worse rather than for the better. To put a widow to her election between dower and an alternative bequest, the intention to exclude dower must be reasonably clear; otherwise, she is entitled to dower as well as to the benefits of the will. Matter of Gorden, 172 N. Y. 25, 64 N. E. 753, 93 Am. St. Rep. 689. Here the will does not clearly indicate that the annuity was intended as a benefit alternative to the enjoyment of dower. The contrary is more reasonably to be inferred, especially in view of the embarrassment which would result in the course of an attempt by the trustees to pass title under the power of sale, should the real estate devised to them be incumbered by a possible claim of dower depending wholly upon future happenings; and I conclude that the defendant Virginia Schreiner is entitled to the dower, as well as to the annuity, subject, as to the latter, to the conditional limitation in the event of her remarriage.

Passing to the other questions of construction presented, I find no room for a determination that more than one trust is expressed in paragraphs fifth, sixth, and seventh of the will; and there is no unlawful suspension of the power of alienation, in that the duration of the trust is measured by the life or remarriage of the widow and the minority of the testator's youngest child. There being nothing to suggest that the period should endure until the majority of the youngest child who may survive his minority, the trust is to be deemed to terminate upon the coming of age or the earlier death of the youngest child of the testator, and is therefore, measured by two lives in being within the authorities. Becker v Becker, 13 App. Div. 342, 43 N. Y. Supp. 17; Benedict v. Webb, 98 N. Y. 460; Coston v. Coston, 118 App. Div. 1, 103 N. Y. Supp. 307.

The power of sale to the "executors and trustees" does not apply to real estate specifically devised to the widow, since the power has apparent relation only to the duties which devolve upon the executors and trustees under the will; and the words used have no application to a devise elsewhere made to another such as would serve to cut down or limit the estate created. I have indicated upon the proposed findings submitted my disposal of the requests to find. Form of decision and judgment in accordance with this memorandum may be presented upon notice of settlement.

Ordered accordingly.