CLARENCE P. SALTSMAN, Plaintiff, *v.* ELIZABETH A. SALTSMAN, Defendant.

Supreme Court, Montgomery County, June 21, 1943.

*George H. Hall* for plaintiff.

*Newton J. Herrick* and *Ralph G. Failing* for defendant.

LAWRENCE, J. On October 14, 1931, one George H. Saltsman gave his promissory note to the present plaintiff for the sum of $669.50, payable six months after date. This note was indorsed

by Myron H. Saltsman. A payment of $10 was made on the note on October 13, 1937. Myron H. Saltsman died October 10, 1940. The present defendant is his widow. He left a will, dated February 1, 1940, which was probated October 28, 1940. By this will he appointed his sons, Jeremiah Saltsman and Donald Saltsman, as his executors. The Surrogate's records show no further proceedings in his estate. No distribution of the estate has been made.

For several years before the death of Myron H. Saltsman his son, Donald Saltsman, had occupied a farm, the record title to which was in Myron H. Saltsman at the time of his death. The son conducted the farm on shares from 1933 to about August 30, 1939. Myron H. Saltsman and his wife, the present defendant, removed from the farm about October 2, 1939. On August 30, 1939, Myron H. Saltsman and his wife, the present defendant, made a contract with Donald Saltsman by which they sold to him the real estate described in the complaint, with all their interest in the personal property thereon, for the sum of $9,600, $2,600 of which was represented by the amount due on a mortgage given by Myron Saltsman to one Rickard, which was later acquired by this plaintiff and paid by Donald Saltsman and discharged of record. The amount paid to discharge the mortgage was $2,949.07, including taxable costs in a foreclosure action brought by the plaintiff. The balance of the purchase price, $7,000, was to be paid in monthly installments of $75 by the application of a portion of the milk checks and not less than $600 each year, without interest. Under the contract the minimum amount of $600 a year was to be paid to the sellers, Myron H. Saltsman and his wife, this defendant, or to the survivor of them until the $7,000 should be paid. The contract further provided that if both sellers should die before $2,400 had been paid to them or the survivor of them over and above any payments on the mortgage, the buyer should pay to the estate of Myron Saltsman the balance of the $2,400 and thereupon be entitled to a deed. The contract further provided that if $2,400 had been paid on the contract prior to the death of both sellers, then upon the death of the survivor of the sellers the buyer should be entitled to a deed subject to the mortgage, which, as above stated, was paid by the buyer.

There would seem to be no question that the payments were made in accordance with the contract to Myron Saltsman up to the time of his death and that thereafter payments were made to the widow, this defendant. The sum of $934.40 was paid to Myron Saltsman before his death and thereafter, to and includ-

ing April 25, 1943, the sum of $2,290 was paid to the defendant, making a total of $3,224.30 paid on the contract over and above the mortgage.

Myron H. Saltsman left no property unless it can be said that his estate had an interest in the land contract referred to. The claim of the plaintiff, which is represented by the note, was presented to the executors of Myron Saltsman and the plaintiff was advised that it was not disputed but that there were no funds of the estate for the payment of it.

One of the defenses interposed by the defendant is that the claim on the note was presented to the executors and allowed, and that therefore the Surrogate's Court has exclusive jurisdiction. The plaintiff has commenced an action against the executors to recover on the note and it would not seem wise to comment further on that defense so long as motions by the plaintiff for judgment in this action and to strike out the answer and motion by the defendant to dismiss the complaint were denied.

The theory upon which the plaintiff brings this action is that under the Decedent Estate Law a lien should be declared on the property of the decedent and that the moneys paid to the defendant, pursuant to the terms of the land contract, were funds received by her from the estate of her husband and therefore were available for the payment of the note referred to.

Under the terms of this contract the estate of Myron Saltsman was to benefit from the contract only in case $2,400 had not been paid thereon prior to the death of both sellers. The widow, this defendant, has survived and we approach the question of whether the sums paid to her after the death of her husband are funds derived from her husband's estate.

It would seem that whatever interest Myron Saltsman had in the real and personal property prior to the land contract was disposed of by the contract except insofar as he had reserved such interest. By the contract he reserved for his estate $2,400 or so much of that amount as had not been paid at the time of his death and the death of his wife. He could claim no further interest in the property if the provisions of the contract were fulfilled by the purchaser. There can be no claim that the purchaser has failed to live up to the terms of the contract. He has paid the taxes. A considerable portion of the personal property belonged to him at the time of the contract. A small bank deposit, in the joint names of the husband and wife, was used to pay funeral expenses for the husband and, under the circumstances, there would seem to be nothing in the estate of Myron

Saltsman available for the payment of the amount due on the note. Obviously the defendant did not derive the funds received by her by descent or devise from the husband's estate but rather as a result of a contract made by her husband, in which she joined. No question of fraud is raised by the pleadings or substantiated upon the trial.

Defendant's motion, made at the close of the testimony, is granted and findings proposed by Mr. Hall are marked and returned to him. (*Matteson* v. *Palser*, 173 N. Y. 404.)