(115 App. Div. 574)

### BURKE v. O'BRIEN et al.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

1. TRUSTS—TIME FOR TERMINATION.

    A trust provision in a will devising land in trust, to pay the income to testatrix's children till the youngest of them attains the age of 25, is not invalid because providing for no termination of the trust estate, as a trust ends when the purpose for which it has been created has been performed.

2. PERPETUITIES—SUSPENSION OF POWER OF ALIENATION—TERM OF SUSPENSION.

    The trust created by a will devising land in trust, to pay the income to testatrix's children till the youngest is 25 years of age, is not void as being for a term fixed by years, as it terminates on the youngest becoming 25 years old or dying before that time.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Perpetuities, § 46.]

Appeal from Special Term, Kings County.

Action by Charles P. Burke against Patrick O'Brien, individually and as executor of Margaret O'Brien, deceased, and others. From a judgment dismissing the complaint and from an order, plaintiff and one of the defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

William Drennan and Paul Victor O'Neil, for appellants.
Daniel T. O'Brien and Frank X. McCaffry, for respondents.

WOOWARD, J. The plaintiff brings this action for a partition of real estate under the provisions of section 1537 of the Code of Civil Procedure, alleging the invalidity of a trust provision in the will of Margaret A. O'Brien, deceased. The complaint has been dismissed; the plaintiff and one of the defendants appealing.

The trust provision of the will is as follows:

"I give and devise to my executor hereinafter named any and all Real Estate of which I may die seized, to hold in trust for the benefit of my children, for which said purpose I hereby direct that my Executor apply whatever proceeds there may be therefrom to their benefit, until the youngest of my said children shall have attained the age of twenty-five years," etc.

This is coupled with a discretionary power of sale, not material to the question presented on this appeal.

The defect alleged is that the will provides no termination of the trust estate, though a definite term is set apart for the trustee to make a particular disposition of the proceeds. This is clearly untenable. All trusts end when the purpose for which they have been created has been performed, and, the testatrix having provided a trust fund to pay over the income to her children until the youngest of them shall be 25 years of age, the trust terminates upon the arrival of that time, because there is no further purpose of the trust to be accomplished.

But it is urged that, if the above proposition is overruled, the trust is for a term fixed by years, and is therefore void. The trust is for the benefit of a class measured by the life, or a less time, of the testatrix's youngest child. It terminates absolutely upon the youngest child reaching the age of 25 years, and, if he dies before that time, the

trust term is ended by his death. Sawyer v. Cubby, 146 N. Y. 192, 197, 40 N. E. 869. There is a perfectly valid trust, and the plaintiff is without a cause of action.

The judgment and order appealed from should be affirmed, with costs. All concur.