(164 App. Div. 837)

### BOECHER v. SMADA REALTY CO. (No. 6503.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

Wills (§ 686*)—Construction—Alienation—Suspension.

　　Where testator bequeathed his estate to his executors, to use the proceeds for the maintenance and education of testator's named children until his "youngest surviving child shall have reached the age of 21 years or shall be self-supporting, and in the event there is a surplus after the youngest of said children shall have reached the age of 21 years the surplus to be distributed among all the children share and share alike, and in the event of the death of any of the children without issue him or her surviving then the share which he or she would take to be divided

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

among the remaining children," the trust should be construed as limited upon the majority or earlier death of the youngest child surviving the testator, and therefore valid, and not as continuing until the youngest of the children attaining the age of 21 years should attain that age.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1631–1637; Dec. Dig. § 686.*]

Submission of controversy on agreed statement of facts between Gertrude Boecher and the Smada Realty Company. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Edwin Vaughan, Jr., of New York City, for plaintiff.
Bernard Shaw, of New York City, for defendant.

SCOTT, J.   The controversy arises over the validity of plaintiff's title to certain real estate contracted to be sold to defendant.   Plaintiff holds under a deed from Willard M. Smith, as executor and trustee under the last will and testament of Edwin H. Smith, deceased, who in his lifetime was the owner of the property in question.   Edwin H. Smith died August 17, 1908, leaving him surviving no widow, but six children, all of whom were then infants, and were his only heirs at law.   He left a will by which, after providing for the payment of his debts and funeral expenses, he disposed of his property as follows:

"Second: I give, devise and bequeath to my brother, Willard M. Smith, my executor hereinafter named, all my estate, real, personal and mixed, and wherever situated, with full power to sell and dispose of the same as he may see fit and the proceeds thereof to use for the maintenance, education and support of my following named children until the youngest surviving child shall have reached the age of 21 years, or shall be self-supporting; Loretta Valles Smith, Edwin Mapes Smith, Florence Maynard Smith, Willard Howard Smith, Bradley Walter Smith and Mary Frances Smith.

"Third: In the event of there being a surplus after the youngest of said children shall have reached the age of 21 years, said surplus to be distributed among all of said children share and share alike.

"Fourth: In the event of the death of any of my said children without issue him or her surviving, then the share which he or she would take shall be divided among the remaining children."

The defendants' construction of the will, upon which it bases the claim of invalidity, is that:

"The words 'until the youngest surviving child shall have reached the age of 21 years' must be construed to mean until the majority of the youngest survivor of the six children of the testator named in the will (and who survived him) who shall reach the age of 21 years, or, in other words, until the youngest of said children attaining the age of 21 years should attain that age."

If this construction be upheld, it is clear that the will is violative of the statute against perpetuities, since the absolute power of alienation might be suspended for more than two lives.   The plaintiff, however, contends that the true construction of the will is that the trust is limited upon the majority, or earlier death, of the youngest child surviving the testator.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In our opinion the latter construction is the natural and proper one to be adopted. Even if the language were ambiguous, it would be our duty so to construe it as to uphold the will, if under any reading that is possible. Hopkins v. Kent, 145 N. Y. 367, 40 N. E. 4; Jacoby v. Jacoby, 188 N. Y. 124, 80 N. E. 676. A somewhat similar use of words is found in the will under consideration in Matteson v. Palser, 56 App. Div. 91, 67 N. Y. Supp. 612, where the trust was to continue "until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years." A majority of this court was of opinion that this meant the youngest living at the death of the testator. The Court of Appeals affirmed the judgment, but expressly declined to pass upon this question. 173 N. Y. 404, 66 N. E. 110.

In Coston v. Coston, 118 App. Div. 1, 103 N. Y. Supp. 307, the trust was to continue "until the youngest of said children [of William F. Coston, deceased] shall attain the age of twenty-five years." The court held (Miller, J., writing) that the trust was valid, being limited upon the coming to the age of 25 years, or earlier dying, of the youngest of the children living at the death of the testatrix. A similar construction was given by the Court of Appeals to a will which suspended the absolute power of alienation "until the youngest child of them," to wit, of four named children, "shall have attained the age of twenty-one years." Jacoby v. Jacoby, 188 N. Y. 124, 80 N. E. 676.

In our opinion, the construction of the will contended for by plaintiff is the correct one, and there should be judgment for her as prayed for in the submission, with costs. All concur.