ALBERT J. APPELL, Appellant, v. ANNA T. APPELL and Others, Respondents, Impleaded with EMELIA A. SAUER, Appellant, and CHARLOTTE H. APPELL and Others, Defendants.

First Department, April 5, 1917.

Will — decree of probate as res adjudicata — trust — validity of provision for accumulation of income to pay off incumbrances — validity of trust sustained notwithstanding invalidity of one provision — trust limited upon person attaining given age.

A decree of a Surrogate's Court admitting a will to probate is conclusive as an adjudication that the will was validly executed and is the last will and testament of the decedent, but is not *res adjudicata* as to the validity of provisions thereof, which question was not necessarily involved in the probate proceeding.

Where a testator gave all his property to his executor and executrix in trust to pay annuities to his widow and each of his children out of the net income and to create out of said income a sinking fund with which to pay off and discharge mortgages and other incumbrances, or to be used in the improvement of the property, the provision for the sinking fund is invalid but does not affect the validity of the provision for the benefit of the widow and children, the only effect being that the beneficiaries will be entitled to receive the whole net income from the beginning.

Where a trust is limited upon a certain person attaining a given age it is to be construed as if it was in terms provided that the trust was to continue until the person upon whose life it is limited attains the given age or *sooner dies*.

Hence a provision of the will that the *corpus* of the estate should be divided between the testator's children " when my youngest child living at the time of my death shall arrive at the age of forty-five years" does not limit the term of the trust by a fixed period of time so as to render the trust invalid.

SHEARN, J., dissented, with opinion.

APPEAL by the plaintiff, Albert J. Appell, and by the defendant, Emelia A. Sauer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of November, 1916, granting a motion by certain of the respondents for judgment on the pleadings and sustaining a demurrer to the complaint.

*Carlisle Norwood* and *Charles A. Flammer,* for the appellants.

*Gustav Lange, Jr.,* for the respondents.

SCOTT, J.:

The action is for the partition of the real property which belonged to Jacob Appell at the time of his death, and the only question presented is as to the validity of his attempted disposition of his property by his last will and testament. If such disposition was valid, the plaintiff and other heirs at law of said Jacob Appell have no present title to the real estate which would entitle them to a partition. If invalid, the testator died intestate as to his real property and an action for partition will lie.

The will was duly admitted to probate by a decree of the Surrogate's Court. That decree is conclusive as an adjudication that the will was validly executed and is the last will and testament of the decedent. But no question as to the validity of any provision of the will was necessarily involved in the probate proceeding, and the decree in that proceeding is consequently not *res adjudicata* of the question presented on this appeal.

The will of Jacob Appell gave all of his property to his executor and executrix in trust to collect and receive the rents, issues and profits of the real estate (of which he held many parcels) and the income of the personal property, and out of the net revenue to pay annuities to his widow and each of his children.

Next they were to create out of said net income "a so-called sinking fund with which to pay off and discharge the mortgages and other incumbrances of or upon my real estate or to be used in the improvement of such property."

After all the mortgages and incumbrances had been thus paid off the trustees were directed to divide the whole of the net income between testator's widow and children.

That the provision for the accumulation of the income and its appropriation to paying off mortgages and incumbrances is invalid is clear and is not disputed. But it is equally clear that it may and should be cut out, as so doing will not wholly defeat the intention of the testator. (*Hascall* v. *King*, 162 N. Y. 134.) By this means the trust provision for the benefit of the widow and children will be preserved, the only effect being that the beneficiaries will be entitled to receive the whole net income from the beginning.

A second objection urged by the appellants is that the whole trust provision is void because the term of the trust is not limited by a life or lives, but by a fixed period of time.

The provision of the will is that the *corpus* of the estate shall be divided between the testator's children "when my youngest child living at the time of my death shall arrive at the age of forty-five years." This necessarily fixes the end of the trust term, because when the *corpus* is divided and distributed the trust *ipso facto* comes to an end.

The appellants would have us read the clause fixing the termination of the trust as if it read that the distribution was to be made when the youngest daughter *if living* would attain the age of forty-five years. The clause is not so written, and if so read it would destroy the trust and defeat the will of the testator. But the question is not a new one. It has been frequently raised and always decided the same way. The settled rule is that where a trust is limited upon a certain person attaining a given age it is to be construed as if it was in terms provided that the trust was to continue until the person upon whose life it is limited attains the given age, or *sooner dies*. (*Sawyer* v. *Cubby*, 146 N. Y. 192; *Burke* v. *O'Brien*, 115 App. Div. 574; *Coston* v. *Coston*, 118 id. 1; *Matter of Lally*, 136 id. 781; affd., 198 N. Y. 608.)

If we read the testator's will in the light of this well-settled and compelling rule of construction it will appear that the trust estate cannot extend beyond one life, and the trust is not, therefore, invalid.

No rules for the construction of wills are more firmly established than those which lead to the foregoing conclusions.

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements to the respondents.

CLARKE, P. J., LAUGHLIN and DAVIS, JJ., concurred; SHEARN, J., dissented.

SHEARN, J. (dissenting):

The action is brought for partition, plaintiff claiming that he is entitled to one-sixth of the fee of the property mentioned in the complaint, subject to the right of dower of decedent's widow, the defendant Rosa Appell, who joins in the demurrer. The property was devised by the last will and testament of Jacob Appell. The will was originally executed in 1895, but was affirmed in all respects by a codicil executed in 1907. The testator died on December 26, 1915, leaving him surviving his widow, Rosa Appell, and as his only children, the plaintiff, Albert J. Appell, and the defendants Emelia A. Sauer, a daughter, Robert W. Appell, a son, Matilda Appell, a daughter, Anna T. Appell, a daughter, and Amanda Appell, a daughter, all of full age. The testator, as the complaint alleges, was seized of a great number of parcels of real estate, thirty-six in number, all of which with the exception of eight were incumbered with mortgages aggregating $399,500. The will provided that, after paying his debts, all the remainder of his property was devised to executors in trust to collect the rents, etc., and "after paying and deducting all expenses and charges of whatsoever kind, to dispose of the net rents and income as follows:" *First,* to pay to his wife Rosa and to each of the children $800 a year. *Second,* as to the balance, to create a sinking fund with which to pay off and discharge the mortgages or to be used in the improvement of his property. *Third,* after paying off the mortgages, to pay the balance of the net rents to Rosa and the children equally. The period of the trust was stated in paragraph 3: "And

upon the further Trust, when my youngest child living at the time of my death shall arrive at the age of forty-five (45) years, to divide the *corpus* of my estate equally among all my children, share and share alike, the issue of any deceased child to take *per stirpes* and not *per capita* the share their parent would if living have been entitled to; and in the event of such distribution being made during the lifetime of my said wife, then I direct that the sum of Three thousand (3,000) Dollars be paid to her by my said children yearly and each year thereafter during her natural life."

The 4th paragraph, giving the executors power to mortgage, etc., said: " * * * It is my wish that my Executors should endeavor to free from all liens and encumbrances such portions of my real estate as they may deem it advisable to retain and to hold the same for the purposes of the Trusts herein created; and to effect this end I expressly direct them to sell and dispose of my personal estate and such portions of my real estate as they may deem it inexpedient to retain; it being my opinion that by adopting this course they will secure the safest and best income from my estate.

"I further authorize my Executors to alter, repair and improve any part of my real estate as in their judgment may seem best."

It is practically conceded, was held by the court below, and there can be no serious question but that the provision creating the trust to provide a sinking fund, etc., is not valid. The learned trial justice, however, in a commendable endeavor to uphold the will, decided that this could be excised and the rest of the will upheld, according to the rule in *Manice* v. *Manice* (43 N. Y. 303) and similar cases. The decision, in this particular, should be affirmed, were it not for another and more serious point which renders the entire trust invalid, namely, that the duration of the trust is not limited upon two lives in being at the death of the testator. According to the will the trust terminates "when my youngest child living at the time of my death shall arrive at the age of forty-five (45) years." This is a limitation for a term of years and not upon the life of this child, unless we read into the will, as did the Special Term, a provision that the trust shall terminate in the

event of the death of the youngest child before reaching the age of forty-five years. It was said in the opinion: " The law reads into the document such words as ' or if she sooner die '" (citing *Coston* v. *Coston,* 118 App. Div. 1, 4). This is true, if such is the manifest intent of the testator, as the court found to be in that case, and in practically every case where it has ever been done. No such intent can be found in this will.

The will is a very peculiar one in several respects. The testator, as we have seen, was a large owner of real estate, which was located in the neighborhood of Twenty-third street and Tenth avenue. His properties were heavily incumbered. It was firmly his opinion, as he expressed it in his will, that the only way to deal with the situation and secure a safe income to his wife and children was that the various parcels should be handled in an entirety and, by lopping off the undesirable parcels and using practically all of the income of the rest, the property finally retained by the executors should be freed of all incumbrances before anything more than the pittance of $800 annual income should be paid to the wife and children. Considering the number of the parcels and the size of the mortgages, this would evidently take a considerable time and the testator was plainly of this opinion and that is why he limited the termination of the trust until his youngest daughter arrived at the age of forty-five years. That is the only purpose that can be ascribed to the testator in fixing this arbitrary period. If it were fixed as of the time when the youngest child reached the age of twenty-one, we might say that it was for the purpose of postponing the vesting of such share until the youngest child arrived at years of discretion. The only reason for picking out the arbitrary age of forty-five is that this, in the testator's judgment, provided sufficient time to work out the real estate problem and clear the properties. The youngest child was seventeen when the will was made, so that on making the will the testator evidently had in mind a period of twenty-eight years for the consummation of his plan in case he died soon after making his will, for this youngest child would not reach the age of forty-five until August 2, 1923, twenty-eight years after the will was executed, and sixteen years after the codicil was executed. To hold that the

testator intended that the trust should terminate on the death
of the youngest child would frustrate his entire scheme, for if
she died within a month after the testator died it would be
obviously impossible to carry out the plan outlined in the will
and clear the properties with the aid of sales and accumula-
tions of net income. While his primary purpose was, as the
learned trial justice said, to secure an income for his wife and
children, it was, as expressed by the testator, to secure the
safest and highest income *and in a manner and according to
a scheme that he outlined in the will.* This object could not
possibly have been accomplished, as has been pointed out, if
the trust terminated on the death of the youngest child and if
she died within a short time after the death of the testator.
There was no such intent expressed in the will, but on the
other hand a plain intent that the property should be held for
a number of years, limited by the event stated in the will when
the youngest child arrived at the age of forty-five, and that,
until this time arrived, there should be no division of the prop-
erty and all of the income, except that sufficient to pay the
small allowance of $800 a year, should be used to free the prop-
erty from the mortgages. Under these circumstances there is
no sanction for reading a provision into the will which expresses
an intent contrary to the central scheme of the testator, found
in the will as executed.

*Sawyer* v. *Cubby* (146 N. Y. 192) is relied upon by the
respondents. In that case the testatrix created a trust of the
residuary estate until her adopted son should arrive at the age
of thirty-five years, when the principal was to be paid to him,
he getting the income in the meantime. There was no dis-
position of the residuary estate in case of the death of the sole
life beneficiary before he should arrive at the age of thirty-five
years; consequently the trust estate was necessarily limited
upon his life. As Judge FINCH said: " The limitation of thirty-
five years was of a period less than his life and wholly within
it, *because the trust ended at Arthur's death whether he lived
to the prescribed age or not.*" Of course, as Judge FINCH
pointed out, *there being no disposition of the residuary estate,*
the trust necessarily ended when the life beneficiary died. In
the case at bar there is no failure of disposition of the residu-

ary estate. It is definitely provided what shall be done with it when the contingency stated in the will shall have arrived, and, further, that nothing shall be done with it until that time. The cases are further unlike in that, in the *Sawyer* case, the life beneficiary received the entire income, whereas in the case at bar only a very small part of it went to the youngest child or to any one else, but instead it was to be accumulated to pay off the mortgages. *Burke* v. *O'Brien* (115 App. Div. 574) is apparently based on the *Sawyer* case, and, if our construction of the *Sawyer* case is correct, the opinion in the *Burke* case is wrong. Furthermore, there is in the opinion no reference whatever to the intention of the testator, and it was not considered necessary to write anything into the will as in this case, which, as was correctly said at Special Term, is absolutely necessary in order to sustain it. The other cases cited by respondents are all distinguishable. But cases aside, it remains that the cardinal principle is that words will not be read into a will except to express the testator's intent and carry out his purposes as plainly indicated in the will as executed. That is the whole point in this case, for if the plain intent of the testator was that his property should be divided upon the death of his youngest daughter, no matter how soon she died after his death, the Special Term was right; otherwise, it was, in this fundamental respect, wrong and the whole trust fails. Further, after cutting the heart out of the will, no purpose would be served in this case by upholding the remaining provisions, for, as the purpose of the testator to have the income used to clear off incumbrances cannot be carried out, there is no reason why the widow and children should be deprived of their inheritance for the ensuing six years. There is nothing in the point that there is a defect of parties, for all of the children were alive and of full age.

The order should be reversed, with ten dollars costs and disbursements, and the demurrer overruled, with ten dollars costs, with leave to the defendants, respondents, to withdraw the demurrer and answer on payment of said costs.

Order affirmed, with ten dollars costs and disbursements.