## Matter of the Probate of the Last Will and Testament of DANIEL J. LYNCH, Deceased.

(Surrogate's Court, Kings County, February, 1918.)

Trusts — when not void — construction of — wills — legacy — children — suspension of power of alienation.

> Where a devise to testator's wife for life of all the income of his estate is subject to a precatory suggestion in the following clause of the will that she shall, if she wish, contribute from the surplus of her income to the making of a trust fund for the benefit of testator's grandchildren, including any subsequently born, until said trust fund shall amount to $5,000, the same to be divided among said grandchildren share and share alike upon the wife's death, and the same clause contains a general legacy to the grandchildren of such sum from the personal estate in remainder upon the death of said wife as should together with such provision as she should have made for said fund be equal to $5,000, no trust or power in trust is created, as such construction would result in an attempt to create an unlawful accumulation.

> A trust for the payment of income until the youngest child of testator should attain the age of twenty-five years, with remainder to persons named, is not void as an unlawful suspension of the power of alienation.

PROCEEDING upon the probate of a will.

A. J. Keogh, for proponents.

Thomas Cradock Hughes, special guardian for Margaret C. Lynch.

KETCHAM, S. Construction of the will now propounded is sought with respect to the following:

In the 2d paragraph there is a devise to the wife of all the income of the estate for the term of her life " subject to the direction contained in the Third Clause." The 3d clause is as follows:

" *Third.* I direct my wife Ellen R. Lynch, from the surplus of the net income of my estate in each year, to set aside such portion as she deems just and proper to create a sinking fund for the benefit of my grandchildren, to include those now born or any which may be born in the future, until said sinking fund shall amount to the sum of Five Thousand Dollars ($5,000), to be divided between said grandchildren share and share alike upon the death of my wife. If at the death of my wife said sinking fund shall not have amounted to Five Thousand Dollars ($5,000), I direct the Trustees hereinafter named to add such amount as will, with the amount then in the sinking fund, make a total of Five Thousand Dollars ($5,000), to be distributed to my grandchildren as hereinbefore directed."

This is followed by a well-constituted trust for the payment of income until the youngest child of the testator shall attain the age of twenty-five years, with remainder to persons therein named.

A direction to a legatee to set aside for the benefit of others such portion of the subject of her legacy as she deems just and proper is only a direction that the legatee shall exercise her own sense of justice and propriety in determining what shall be set aside. Even a command in peremptory language that a legatee shall do as she shall choose with her own legacy is but a prayer addressed to her discretion. The provisions under examination if construed to contain a trust or power in trust, with respect to the sinking fund for grandchildren, would result in an attempt to create an unlawful accumulation. A construction that the direction is precatory only should be preferred to any

process which would invalidate the testamentary purpose.

In a case in which it was sought to impose a trust upon words susceptible of a precatory meaning it was said: "Where to impose such a trust would be to nullify previous expressions in the will and to create a repugnancy between its different parts, then the rules of construction forbid the attempt." *Clay* v. *Wood*, 153 N. Y. 134, 142. The language quoted would apply with at least equal emphasis to the present case in which the finding of a trust would nullify the prior trust itself, and would judicially declare that the testator had intended a disposition of his property which would be repugnant to the law, when by another method he could, without defiance of the law, secure his purpose beyond doubt.

In the 4th paragraph of this will, when the testator wants to create a trust, he makes use of phrases apt to his purpose. *Williams* v. *Committee of Baptist Church*, 92 Md. 497. The instruction to the wife is not to set aside a fund for the grandchildren from the income. There is significance in the provision that it is from " the surplus of the net income in each year " that she may draw for the foundation of the sinking fund. The only meaning of the word " surplus " is that it shall represent such part of the income as shall exceed the amount which the wife may use or reserve for some purpose of her own.

The testator fails to declare whether this surplus is to be calculable as to an excess over the wife's expenditures, or over her own mere maintenance, or over her expenditures for a lavish mode of living, or over her investment against the vicissitudes of age, or over her gifts or purchases. It is a surplus which nobody except the wife can measure, and its measurement is entirely within the caprice with which men, and women

no less than men, may lawfully regard their disbursements of money which are their own. Surely, a direction as to the disposition of a fund thus dependent wholly upon the grace of the legatee for its existence falls short of the quality of command.

It is believed that by the 3d paragraph there is but a precatory suggestion to the wife that she shall if she wishes contribute from the surplus of her income to the making of a trust fund for the purposes described in the will. There is then in the 3d paragraph a legacy to the grandchildren of such sum from the estate in remainder upon the death of the wife as shall, together with such provision as the wife shall have made for the sinking fund, be equal to $5,000. This is a general legacy, payable from the personalty, unless grounds for charging it upon the real estate are shown.

There is no need for determining in advance of the event whether the grandchildren for whom this legacy is intended are to be ascertained as of the date of the death of the testator or as of the date of the death of the wife.

It is argued that the trust in the 4th paragraph is void since distribution is dependent upon the phrase "until my youngest child shall attain the age of twenty-five years." The argument that this is a suspension of the power of alienation for more than two lives in being is without force. It is well settled that a suspension, until a person nominated shall attain a certain age, is a suspension for a period within the life of the person so nominated or until he shall sooner die. *Sawyer* v. *Cubby,* 146 N. Y. 192; *Burke* v. *O'Brien,* 115 App. Div. 574; *Coston* v. *Coston,* 118 id. 1; *Matter of Lally,* 136 id. 781; affd., 198 N. Y. 608; *Appell* v. *Appell,* 177 App. Div. 570.

The construction hereinbefore indicated will be embodied in the decree of probate.

Probate decreed.