Matter of the Petition of EDITH DUTTON CLARKE
ROUNDS for the Appointment of a Trustee to
Execute a Trust Left Unexecuted under the Will
of LORINDA B. DUTTON, etc., and to Convey Certain
Real Property.

(Supreme Court, Erie Special Term, December, 1918.)

Wills — construction of — trusts — statutes —residuary estates — deeds.

After certain bequests and subject only to a certain charge,
testatrix by her will, which was probated in 1892, devised all
her real estate to her daughter for life and upon her death in
trust " to divide into four equal parts, to lease the same and to
collect the rents, issues and profits thereof and to pay and
divide the same among my four grandchildren of my said
daughter," naming them, " in equal shares equally, until such
time as my youngest surviving grandchild shall have attained
to the age of 25 years at which time my trustee shall convey,
assign and transfer the shares of my real estate producing the
aforesaid rents, issues and profits, respectively, to each of my
said grandchildren, and in case any one of my said grand-
children shall die leaving lawful issue at any time previous to
the time above limited for the distribution of my real estate,
then the title of such part of my real estate as was set apart
for the grandchild or granchildren so dying, shall immediately
vest in the said lawful issue of such grandchild or grand-
children."

The same paragraph of the will further provided:   " But
if any such grandchildren should die before the said youngest
grandchild attains the age of 25 years and without leaving
lawful issue then the share or portion of the one so dying shall
become and form a part of my residuary estate for the benefit
of all my grandchildren in the same share and under the same
trusts and limitations as are provided in this clause of my will
in all respects as if such share or portion had been included
and formed part of the original division."

The daughter's husband, who was named as the trustee, died
in 1908; thereafter the daughter died leaving a will by which
she devised and bequeathed the bulk of her estate in trust for

18

Supreme Court, December, 1918.    [Vol. 105.

her daughter with remainder over to her other three children, all of whom died intestate and without issue, two of them before the youngest of the four reached the age of twenty-five years. *Held,* that the trust created by the will of testatrix herein ended when her youngest grandchild became twenty-five years of age, or sooner, in the event of his death prior to that time. The duration of the trust was therefore measured by the lives of the daughter of testatrix and of her said son and kept within the limits permitted by the statute and was valid.

The two brothers of said youngest grandchild having predeceased him their respective shares fell into the residuary estate "for the benefit of all my grandchildren, etc."

Upon the termination of the trust in 1900, the granddaughter of testatrix herein became entitled to a conveyance of one-half of the real estate held in trust and her surviving brother, who died in 1905, to a like conveyance of the other half.

PETITION for the appointment of a person to execute a trust under the will of the late Lorinda B. Dutton.

Ansley Wilcox, for petitioner.

George H. Smith, *guardian ad litem,* for minor child of Edith Dutton Clarke Rounds.

WHEELER, J. Lorinda B. Dutton died leaving a last will and testament, which was admitted to probate by the surrogate of Erie county on September 13, 1892. After making certain bequests by the " fourth " clause of the will the testatrix provided:

" *Fourth.* I give, devise and bequeath all of my real estate, subject only to the above mentioned charge in favor of Eliza Parmellee, as follows: to my daughter, the said Eliza Dutton Clarke, for the term of her natural life and upon her death in trust, to my trustee hereinafter named, to divide into four equal parts, to lease the same and to collect the rents, issues and profits thereof and to pay and divide the same among my four grandchildren of my said daughter, viz.:

Misc.] Supreme Court, December, 1918.

Edith D. Clarke, Edward D. Clarke, Townsend D. Clarke and Stephen D. Clarke, in equal shares equally, until such time as my youngest surviving grandchild shall have attained to the age of 25 years at which time my trustee shall convey, assign and transfer the shares of my real estate producing the aforesaid rents, issues and profits, respectively, to each of my said grandchildren, and in case any one of my said grandchildren shall die leaving lawful issue at any time previous to the time above limited for the distribution of my real estate, then the title of such part of my real estate as was set apart for the grandchild or grandchildren so dying, shall immediately vest in the said lawful issue of such grandchild or grandchildren. But if any such grandchildren should die before the said youngest grandchild attains the age of 25 years and without leaving lawful issue then the share or portion of the one so dying shall become and form a part of my residuary estate for the benefit of all my grandchildren in the same share and under the same trusts and limitations as are provided in this clause of my will in all respects as if such share or portion had been included and formed part of the original division.''

She appointed her son-in-law, Stephen C. Clarke, trustee to carry out the trusts by the fourth clause created. Eliza Dutton Clarke was her daughter and sole heir at law. Stephen C. Clarke, the trustee, died on May 4, 1908. Eliza Dutton Clarke is also dead. She left a last will and testament wherein and whereby she devised and bequeathed the bulk of her estate in trust for the benefit of the petitioner, Edith Dutton Clarke Rounds, for life with remainder over to the children of Mrs. Rounds.

The brothers of Mrs. Rounds, Edward D. Clarke,

Townsend D. Clarke and Stephen D. Clarke, the three grandsons mentioned in the fourth clause of Mrs. Dutton's will, are all dead — all dying intestate and without issue.

The real question presented is the validity of the trust created by the fourth clause of Mrs. Dutton's will.

If the will is to be construed as providing for the continuation of the trust until Stephen D. Clarke reached the age of twenty-five without the possibility of an earlier termination in the event of his death prior thereto, then the will offended against the provisions of the statute against perpetuities prohibiting the suspension of the power of alienation for more than two lives in being at the time of the creation of the trust. Real Property Law, § 42.

The courts, however, have construed similar provisions in other trust instruments to mean that the trust is to terminate on the person attaining the age specified, or *sooner* in the event of his death before specified age is attained. *Appell* v. *Appell,* 177 App. Div. 570; affd., without opinion, 221 N. Y. 602; *Sawyer* v. *Cubby,* 146 id. 192; *Burke* v. *O'Brien,* 115 App. Div. 574; *Coston* v. *Coston,* 118 id. 1; *Matter of Lally,* 136 id. 781; affd., 198 N. Y. 608.

The courts appear to have supplied by way of necessary implication the words " or sooner " as expressing the real intention of the creator of such a trust. Consequently it cannot be held that the trust clause of Mrs. Dutton's will is void for the reason suggested.

It may be further suggested that the trust offends the statute because the words " *any youngest surviving grandchild* " refer not to the youngest surviving grandchild at the time of the death of Mrs. Dutton, but are used to designate the youngest sur-

viving grandchild who may live to attain the age of twenty-five years. In other words, had Stephen D. Clarke, the youngest of the grandchildren, died before attaining twenty-five, then the trust would terminate upon the next older living grandchild reaching twenty-five. If such a construction were to prevail then clearly the trust clause offended the statute and would be void because under the terms of the will it was quite possible that the duration of the trust would not be limited to two lives in being, but to three or more, and the trust would fail on that account. A reading of the trust clause of the will upon first impressions might lead to that inference, but it is held that where the words " youngest surviving child or grandchild " are used it means the youngest who survives the testatrix. *Boecher* v. *Smada Realty Co.,* 164 App. Div. 837; *Matteson* v. *Palser,* 56 id. 91; affd., 173 N. Y. 404; *Burke* v. *O'Brien,* 115 App. Div. 574; *Coston* v. *Coston,* 118 id. 1.

Where the language is ambiguous it is the duty of the court to so construe it as to uphold the will. *Hopkins* v. *Kent,* 145 N. Y. 367; *Jacoby* v. *Jacoby,* 188 id. 124; *Boecher* v. *Smada Realty Co.,* 164 App. Div. 838.

In the light of these decisions it would seem that the trust created by Mrs. Dutton's will was, by its terms, to end upon her grandson Stephen D. Clarke attaining the age of twenty-five years — or sooner in the event of his death prior to that date. The duration of the trust was therefore measured by the lives of Mrs. Clarke and of her son Stephen, and kept within the limits permitted by the statute.

A limitation of a trust estate for an arbitrary period is held valid if an earlier termination is called for upon the expiration of two lives in which case the income may in the meantime be divided among any

number of successive lives. *Schermerhorn* v. *Cotting,* 131 N. Y. 48.

We consequently hold that the trust created by Mrs. Dutton's will is a valid one and that it terminated in 1900 when the youngest surviving grandson, Stephen D. Clarke, reached the age of twenty-five years. Prior to that date, however, his brothers, Edward D. Clarke and Townsend D. Clarke, both died intestate and without issue. Consequently under the provisions of the will their respective shares fell into the residuary estate " for the benefit of all my grandchildren in the same share and under the same trusts and limitations as provided in this clause of my will in all respects as if such share or portion had been included and formed a part of the original division."

It follows that on the termination of the trust in 1900 the petitioner, Edith Dutton Clarke Rounds, became entitled to a conveyance of one-half the real estate held in trust, and her surviving brother, Stephen D. Clarke, of the other half. Stephen D. Clarke died intestate and without issue in 1905. His father, Stephen C. Clarke, and his mother, Eliza D. Clarke, both survived the son, Stephen. The father, Stephen C. Clarke, would ordinarily have taken the inheritance of the son in any real estate owned by him, and section 84 of the Decedent Estate Law so provides " *unless the inheritance came to the intestate on the part of his mother.*"

The son's interest in the real estate in fact did come to him " *on the part of his mother* " as that term is defined by section 80 of the same statute, declaring it includes " *every case where the inheritance shall have come to the intestate by devise, gift or descent from the parent referred to, or from any relation of the blood of such parent.*"

Coming through the will of Mrs. Dutton, the mother of his mother, this real estate must be deemed to have come to the grandson, Stephen D. Clarke, on the part of the mother, and consequently his father, Stephen C. Clarke, did not inherit from his son his interest in the property in question; but by the express provisions of section 85 of the statute, his mother, Eliza D. Clarke, took a life estate, and his sister, Edith Dutton Clarke Rounds, inherited the reversion. Upon Mrs. Clarke's death her daughter therefore became the absolute owner of the entire real estate, one-half by virtue of the provisions of Mrs. Dutton's will, and the other half as heir at law of her brother, Stephen D. Clarke.

It probably would be unnecessary for a formal conveyance from a trustee under Mrs. Dutton's will to vest a legal title in Mrs. Rounds, but as conveyancers passing title might possibly raise a question as to title without such a conveyance, and as no harm can come from the appointment of some one to formally execute such an instrument, the prayer of the petition is granted.

Ordered accordingly.