NELLIE B. CHANDLER, Plaintiff, v. CARRIE B. C. KRON
et al., Defendants.

(Supreme Court, Erie Trial Term, February, 1920.)

Wills — construction of — vested remainders — devise — meaning
of words '' remainder to his child or children, if any '' —
life tenants.

> At the time testator executed his will, by which he gave his
> nephew a life estate in certain lands with " remainder to his
> child or children, if any, and if none, then to my heirs at law,"
> the nephew had a daughter who survived her great uncle but
> died before her father who died leaving him surviving no
> children, but his widow, to whom by will he gave his entire
> estate. *Held,* that the grand niece took an absolute vested
> remainder under the will of her great uncle which, upon her
> death, passed to her father, as her heir at law, and that under
> his will his widow became owner as sole devisee and was alone
> entitled to sue the tenant of the property for rent.

> Under the rule that when a devise is made to a class, as
> to children, the class will, in the absence of definite intention
> disclosed by the will, be ascertained and determined as of the
> death of the testator the words " remainder to his child or
> children, if any," are to be construed as meaning any child
> or children living at the time of the testator's death, not at
> the death of his nephew, the life tenant.

> The rule that the law favors such a construction as will avoid
> the disinheritance of remaindermen who may happen to die
> before the determination of a precedent estate, held to apply.

ACTION for the construction of a will. Trial had
before the court without a jury.

Basil H. Robillard, for plaintiff.

Peck & Whitbeck, for defendants.

WHEELER, J. Charles Chandler made his last will
and testament, which was dated August 6, 1887. The

testator made three codicils subsequent thereto. By the 3d paragraph of the will the testator made the following provision:

3. *" The land I own in Monroe County, New York, which I bought of my brother George, and comprising about fourteen acres, I give to his son George A. for his life, remainder to his child or children, if any, and if none, then to my heirs at law."*

The codicils in no way refer to or in any way modify the clause above quoted.

At the time the testator executed his will and the codicils referred to his nephew, George A. Chandler, was married and had a daughter living — an only child. This daughter survived the testator, Charles Chandler, but died at the age of nineteen before the death of her father, George A. Chandler. George A. Chandler died in 1918, leaving him surviving no children, but a widow, Nellie B. Chandler, the plaintiff in this action, to whom by will he devised and bequeathed his entire estate. The defendants Carrie B. C. Kron, Mabel Chandler Brandow and Gertrude L. Donals were the heirs at law of Charles Chandler, the testator. Gertrude L. Donals, however, has since died, and her executor and trustee has been substituted as defendant in her place and stead.

The contest in this action arises over the question as to who is entitled to the rental of the premises described in paragraph 3 of Charles Chandler's will.

The plaintiff sued the tenant for two installments of rent due, claiming that under the will of Charles Chandler her daughter took a vested remainder in the property described in paragraph 3 of his will; that upon the daughter's death her father, George A. Chandler, as her heir at law, inherited her interest, and thus became the owner of not only the life estate, but also of the remainder, and that upon the death of

George A. Chandler his widow, the plaintiff herein, was given said property by the will of her husband.

On the other hand, the heirs at law of Charles Chandler contend that the " *remainder* " mentioned in the 3d clause was but a *contingent* interest which on her death prior to the death of her father, George A. Chandler, passed under the will to Charles Chandler's heirs at law. Thus the decision of this case involves the question of the ownership of the property devised. Upon being sued, the tenant, the original defendant, standing ready to pay to any one legally entitled to the rent, caused the heirs at law of Charles Chandler to be brought in as party defendants.

The proper interpretation of clause 3 is the question for the court. The primary rule of construction is that the intention of the testator is to be sought in all his words and when ascertained is to prevail. *Robinson* v. *Martin*, 200 N. Y. 159, 164; *Mularky* v. *Sullivan*, 136 id. 227. If, however, the testator's intention is doubtful, and the language employed ambiguous then resort must be had to certain canons of construction embodying the general policy of the law. This we think must be done in this case. We think it clear that the daughter of George A. Chandler took a vested remainder under the provisions of the testator's will. The law favors such an interpretation as will vest a remainder, rather than one which will make it contingent. *Bowditch* v. *Ayrault*, 138 N. Y. 222; *Monarque* v. *Monarque*, 80 id. 320; *Goebel* v. *Wolf*, 113 id. 405; *Connelly* v. *O'Brien*, 166 id. 406; *Hersee* v. *Simpson*, 154 id. 496; *Haug* v. *Schumacher*, 166 id. 514. Section 40 of the Real Property Law settles the matter so far as this particular case is concerned. It declares an estate " *is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the deter-*

*mination of all the intermediate or precedent estates."* The daughter of the life tenant was such a person. She therefore took a vested interest, subject, however, to after-born children being let in to share in such estate, if any there should be. *Surdam* v. *Cornell,* 116 N. Y. 305; *Corse* v. *Chapman,* 153 id. 466; *Monarque* v. *Monarque,* 80 id. 320; *Moore* v. *Littel,* 41 id. 66; *Smith* v. *Scholtz,* 68 id. 41, 61. The fact, however, that the remainder vested in the child of the life tenant does not prevent the estate so given from being divested by the happening of subsequent events, if that in fact was the direction and provision of the testator's will. There may be attached to a vested estate conditions subsequent which will operate as a defeasance of such an estate, conditions giving others a contingent remainder. We conceive in this case the only real question involved is whether under the will of Charles Chandler there was created by the 3d clause of the instrument a condition subsequent giving the remainder to his heirs at law in the event the life tenant died childless.

To solve this question we must resort to certain rules and principles of interpretation. One well-known rule is that when a devise or bequest is made to a class, as to children, the class will, in the absence of definite intentions disclosed by the will, be ascertained and determined as of the death of the testator. *Matter of Brown,* 154 N. Y. 314; *Boecher* v. *Smada Realty Co.,* 164 App. Div. 837; *Matteson* v. *Palmer,* 56 id. 91; *Burke* v. *O'Brien,* 115 id. 574; *Coston* v. *Coston,* 118 id. 1; *Moore* v. *Lyons,* 25 Wend. 119.

Applying this rule to the case in hand, the words *"remainder to his child or children, if any,"* are to be construed as meaning any child or children living at the time of the testator's death, and not any child or children living at the death of George A. Chandler, the life tenant.

Another rule applicable to a case such as this is that the law favors such a construction of a will as will avoid the disinheritance of remaindermen, who may happen to die before the determination of the precedent estate. *Connelly* v. *O'Brien,* 166 N. Y. 406, citing *Moore* v. *Lyons,* 25 Wend. 119; *Sage* v. *Wheeler,* 3 App. Div. 38; *Matter of Brown,* 93 N. Y. 295; *Delafield* v. *Shipman,* 103 id. 463; *Stokes* v. *Weston,* 142 id. 433; *Bisson* v. *West Shore R. R. Co.,* 143 id. 125; *Corse* v. *Chapman,* 153 id. 466; *Hersee* v. *Simpson,* 154 id. 496; *Goodwin* v. *Coddington,* Id. 283. The pioneer case in this state is perhaps that of *Moore* v. *Lyons,* 25 Wend. 119, decided by the Court of Errors, where the English and other authorities were exhaustively considered and discussed. In *Moore* v. *Lyons* there was a devise of real estate to one *for life,* and from and after his death to three others, or to the survivors or survivor of them. It was held the remaindermen took a vested interest at the death of the testator, and consequently, though at the death of the life tenant but one of the remaindermen survived, the survivor took *one-third* of the estate, and the heirs of the two others, the residue.

This case has been followed not only by many decisions in this state but in other states as well. See, also, *Marsh* v. *Consumers Park Brewing Co.,* 162 App. Div. 264; *Williams* v. *Williams,* 152 id. 328; *Matter of Russell,* 168 N. Y. 175; *Dougherty* v. *Thompson,* 167 id. 493.

We think the rules of construction to which we have referred are decisive of this case, and that the court must hold that the daughter of George A. Chandler took an absolute vested remainder under the will of Charles Chandler, which upon her death passed to her father, as her heir at law, and that under the will of George A. Chandler the plaintiff became owner as

26

sole devisee, and that the heirs of Charles Chandler, the defendants in this action, took no interest in the property in question. We discover nothing in the will under consideration indicating a different intention on the part of the testator. It is true that at the time of the execution of the will the daughter of the life tenant. was living, but the testator could not know whether the child would survive himself or not, nor did he know but that at the time of his own death other children of his nephew George might have been born and living. Indeed in the 3d clause of the will under consideration instead of referring to a single child he uses the words " child or children," indicating as may be well argued that the testator had in mind the " child or children " living at the time of his own death, and such as might be thereafter born.

Judgment is accordingly directed in favor of the plaintiff.

Judgment for plaintiff.