In the Matter of the Petition of GEORGE W. BAHRENBURG to Render and Settle His Final Account as Successor Trustee under the Last Will and Testament of JOHN BAHRENBURG, Deceased.*

Surrogate's Court, Kings County, June 25, 1924.

**Wills — construction — trust does not unlawfully suspend power of alienation — direction to pay accrued income to remaindermen is invalid.**

A trust provision in a will which provides that upon the death of the wife of the testator or upon her remarriage " if any youngest child then living shall have arrived at the age of twenty-one years, or as soon after the happening of either of said events as my youngest child then living shall arrive at the age of twenty-one years, I direct that my said trustees shall convey " the remainder of the estate, share and share alike to the children of the testator, is not invalid on the ground that it unlawfully suspends the power of alienation. The longest period of suspension under the trust provision would be the lifetime of the widow and the lifetime or minority of the youngest child of the testator living at the death of the widow. This suspension is valid.

A direction to suspend until the youngest child then living shall arrive at the age of twenty-one years is to be construed as though the term provided that the trust was to continue until the person upon whose life it is limited attains the given age or sooner dies.

The direction in that part of the will establishing a trust to the effect that upon the termination of the trust the trustees shall pay to the remaindermen any income of the trust remaining in their hands is void. The income remaining in the hands of the trustees upon the termination of the trust by the death of the widow should be paid to her personal representatives.

PROCEEDING for an accounting involving construction of will.

*Charles W. Philipbar*, for Anna Adelaide Bahrenburg, executrix and sole legatee and devisee under the last will and testament of William H. Bahrenburg, deceased.

*Andrew F. Van Thun, Jr.*, for George W. Bahrenburg, successor trustee.

*Thomas Kelby*, for Florence L. Leslie.

---

* Affd., 214 App. Div. 792; 244 N. Y. 561.

WINGATE, S.  It becomes necessary in order to make a decree of distribution herein to construe paragraph 5 of decedent's will, which is as follows:

" Upon the death of my said wife or upon my said wife marrying again, if any youngest child then living shall have arrived at the age of twenty-one years, or as soon after the happening of either of said events as my youngest child then living shall arrive at the age of twenty-one years I direct that my said trustees shall convey all the remaining part of my estate, hereinbefore conveyed to them, together with any income of the same remaining in their hands, share and share alike among my children then surviving and the issue of any child who may have then deceased, such issue taking the share to which such deceased child would be entitled if living."

This provision is attacked as endeavoring to create an unlawful suspension of the ownership of personal property. A careful analysis, however, will disclose that the longest period of suspension would be the lifetime of the wife and the lifetime or minority of the youngest child of decedent living at the death of the wife, *i. e.*, one life in being determined at the testator's death, and a second life in being at testator's death but determined at the death of the life tenant.  This suspension, as to principal, seems to be valid.  (*Van Cott* v. *Prentice*, 104 N. Y. 45; *Schermerhorn* v. *Cotting*, 131 id. 48; Chaplin Susp. Alien. [2d ed.] § 79.)

The direction to suspend until " my youngest child then living shall arrive at the age of twenty-one years," or a similar direction, has been frequently before the courts for construction, and has been commonly treated as not requiring a suspension until the youngest child to live to attain the age of twenty-one years shall attain such age.

" The settled rule," says SCOTT, J., in *Appell* v. *Appell* (177 App. Div. 570; affd., 221 N. Y. 602), " is that where a trust is limited upon a certain person attaining a given age it is to be construed as if it was in terms provided that the trust was to continue until the person upon whose life it is limited attains the given age, or sooner dies," citing *Sawyer* v. *Cubby* (146 N. Y. 192); *Burke* v. *O'Brien* (115 App. Div. 574); *Coston* v. *Coston* (118 id. 1); *Matter of Lally* (136 id. 781; affd., 198 N. Y. 608).  (See, also, *Matter of Rounds*, 105 Misc. 273.)

But the direction to pay to the remaindermen any income of the trust remaining in the hands of the trustees is void as to income which has accrued during the period of the suspension.  (*Matter of Keogh*, 112 App Div. 414; *Matter of Lamb*, 182 id. 180, 188; affd., 224 N. Y. 577.)

The wife has died and all the living children of decedent are
of age, so that the trust fund is now to be distributed. The gift
in remainder is to a class of persons living at the death of the wife,
and not to a class determined as of decedent's death. The indi-
cations of futurity are the directions to " convey " rather than
direct words of gift; the naming of beneficiaries indeterminately by
words of description of groups, rather than by nomination of
individuals; and a limitation of benefits to groups of children " then
surviving," *i. e.*, at the termination of the period of suspension,
and to groups of issue of " children who may have then deceased."

The decree will direct distribution of the principal of the trust
fund, together with such income as has accrued since the death
of the widow, to decedent's living children and to the living descend-
ants of deceased children, in equal shares, *per stirpes*, including
Florence L. Leslie among the beneficiaries; and will further direct
payment of income in the hands of the trustee, if any, which had
accrued during the lifetime of the widow to her personal repre-
sentatives. (*Matter of Keogh, supra; Matter of Lamb, supra.*)

Settle decree on notice.