In the Matter of the Estate of Carl Jann, Deceased.

Surrogate's Court, Richmond County, June 17, 1932.

*John M. Braisted*, for the applicant.

*William R. McDermott*, special guardian.

Smith, S. The will, which was drawn on two sheets of a physician's prescription blank, reads as follows:

"Feb 15, '32
"Mariner Harbor N. Y.

"All money in bank and Bldg loan also Insurance to go to my wife Mary Emma Jann. Property for her use as long as she shall live After which divide in equal shares Chas. Frederick — Dorothy."

The will was drawn by a doctor, who was called to attend the testator who had been suddenly stricken with an attack of angina pectoris and who died within a few hours after the will was executed.

The schedules in the proceeding to determine the amount of estate tax due show that the testator left personal property consisting of a bank account and shares in a building loan and savings association only, and a parcel of real estate whereon he resided.

If the will had contained only the first sentence the widow would have taken, without question, all of the personal property, and by operation of law her interest in the real property, but the addition of the second sentence raises the question whether the word " property " refers to testator's entire estate, thus limiting the bequest of the personalty to a life use thereof, or whether it refers only to the realty and is not intended as a continuation of testator's testamentary disposition of his entire estate.

The will was drawn by a layman and will be construed as a layman would construe the same.  (*Matter of McQueen*, 99 Misc. 185.)

Had the testator intended to limit the use of the personalty undoubtedly he would have directed the doctor, who prepared the will, to write " all money in bank and building loan also insurance and (other) property to go to my wife Mary Emma Jann for her use as long as she lives," or if the second sentence had been a continuation of the first sentence, or if the period after the words " Mary Emma Jann " had been a comma, then there could be no question that only a life estate was given to the widow, but what testator did was to make two directions as to the disposition of his property, the first as to his personalty, and the second, presumably as to his realty, and this is evidenced by the fact that the period after the word " Jann " shows that the thought and direction as to his personal property was complete and that the additional thought and direction was in relation to his real property, for it is a fair presumption that as the testator had his personal property in mind he also thought of his real estate in connection with the preparation of his will, and that the word " property " as used by him meant his real property, and the fact that one of his children was a minor, and that the net amount of his personalty was about $5,000 also is a reasonable indication that the testator intended his wife to have all his personal property absolutely for her use in maintaining a home for herself and the minor child.

The attorney for the applicant in his memoranda of law, on behalf of the petitioner, calls attention to the decisions which hold that a bequest or devise in clear or unambiguous language cannot be cut down by subsequent language not equally clear, but I cannot see how such decisions are applicable, for the second sentence is either a continuation of the original first thought or direction of the testator, or is a new direction as to the disposition of the remainder

of his estate, *i. e.*, his real estate, and is not a limitation of the first gift.

Of course to the mind trained to legal construction the word " property " (Gen. Const. Law, § 38) signifies both real and personal property, but to the lay mind the word " property " generally means real estate, and this is evidenced by the fact that I asked five laymen, all of more than average intelligence, and none of whom were interested in this proceeding, what the word " property," as contained in said will, meant to them, and was informed in each instance that said word meant real estate, thus showing that a will drawn by a layman should be construed with a layman's mind.

Prepare decree construing will that widow takes personalty absolutely and real estate for life, and thus all parts of the will are harmonized and given proper effect. (*Matter of Weiss*, 124 Misc. 413.) Allowance to special guardian and attorney for petitioner to be inserted in decree.