Maximilian Moss, S.
A construction of testator’s will is sought on the judicial settlement of the executor’s account. The testator died on April 26,1946 and his will dated December 23, 1941 was duly admitted to probate. The estate consisted of a one-half interest in a parcel of improved real property and cash on deposit in a savings bank to the account of testator.
The will appears to have been prepared by the testator in the Italian language without professional assistance. After providing that a fixed sum of money be paid monthly to his mother during her lifetime, testator directed that upon her death distribution of the remainder of his property be made in specified proportions to designated beneficiaries.
By paragraph “ 6-G ” of his will testator further provided that his real and personal property — “ shall be divided and distributed on the 21 (twenty-first) birthday of Miss Eleanor Goriup April 9th, 1957 —.” Paragraph “ 8 ” directs accumulation of income in the interim for certain contingencies.
Testator’s mother predeceased him. The will contains no provision for distribution of the accrued net income to the other distributees during “ Eleanor’s ” minority. All of the remaindermen survived testator.
The will having been drawn by a layman should be construed in that light (Matter of Jann, 144 Misc. 64; Matter of McQueen, 99 Misc. 185, 191-193; Overheiser v. Lackey, 207 N. Y. 229). It is evident from a reading of the will that testator intended to invest his executors with the duties and powers of trustees. He directed them to manage his real property interests, pay carrying charges thereon and retain all the assets and net income of his estate during the minority of Eleanor Goriup when ultimate distribution is to be made. Formal use of the words “ trust ” or “ trustee ” is unnecessary to create a trust (1 Scott on Trusts [2d ed.], §§ 23, 24; *142 Mee v. Gordon, 187 N. Y. 400, 407; Ward v. Ward, 105 N. Y. 68, 74; Morse v. Morse, 85 N. Y. 53; Tobias v. Ketchum, 32 N. Y. 319, 327).
The suspension of distribution until the nominated person shall attain a certain age does not violate the Statute against Perpetuities since the law adds, as an alternate contingency, the death of the individual chosen as the limiting life (Crooke v. County of Kings, 97 N. Y. 421, 437; Matter of Denniston, 157 Misc. 80, 82; Matter of Lynch, 102 Misc. 650). The accumulation of income except for infant beneficiaries is invalid (Real Property Law, § 61; Personal Property Law, § 16; Matter of Hall, 155 Misc. 904; Matter of Rogers, 22 App. Div. 428). In such a case the court may sever the invalid from the valid provided no violence results to testator’s testamentary plan (Chastain v. Tilford, 138 App. Div. 746).
The court construes the will and determines that it was the intent of the testator to create a trust of all his real and personal property and to constitute his executors trustees thereof. The interest of the remaindermen designated under the will vested upon testator’s death (Matter of Krooss, 302 N. Y. 424; Matter of Richards, 150 Misc. 102). The beneficiaries designated under paragraph 6 of subdivisions A to G inclusive who are of full age are entitled to immediate payment of accrued income in proportion to their respective shares under the will. Distribution of the corpus of said trust shall be made to said beneficiaries upon the termination of the trust as provided for under the will, except as to such beneficiaries whose interest may be vested by order of the Alien Property Custodian.
The court determines that the reasonable value of legal services rendered to the estate by all the attorneys is $2,000 against which must be credited to the estate the sum of $612.50 paid on account thereof. In addition thereto the attorneys are allowed out-of-pocket disbursements in the sum of $62.70. The compensation allowed shall include all services including the entry of the decree and distribution directed thereunder. Settle decree on notice.