Maximilian Moss, S.
This is an application by the Public Administrator of the County of Kings for a construction of testatrix’ will and other relief.
Testatrix died on December 27, 1919 leaving a will dated February 11, 1905 which was duly admitted to probate in this court on June 18, 1920. Except for the printed portions of the form used, the instrument was entirely written by pen and ink. After providing for the payment of her lawful debts, testatrix devised all her property, real and personal, to her friend, Annie M. Kuhnle, who was also named sole executrix with the further proviso as follows: “ after Annie M. Kuhnle Death the Balance what is left go to my Brothers or their heirs *379 (naming them) To be Equally divided Between my Brothers or heirs of my Brothers ” (italics, capitalization and spelling as in original).
It appears that upon testatrix’ death Annie M. Kuhnle took possession of the real and personal property of testatrix and by mesne conveyances, transfers, assignments, sales, and alienations, by said Annie M. Kuhnle, individually and as executrix, the assets of the estate were disposed of among the several persons named in the petition herein. , The question posed is whether by testatrix’ will Annie M. Kuhnle took a fee or a life estate with or without power of alienation or disposition.
A will drawn by a layman must be construed with that fact in mind (Matter of Jann, 144 Misc, 64). The testatrix’ intention must be gathered from the instrument as a whole, and when such intention is ascertained, it controls (Matter of Bisconti, 306 N. Y. 442, 445; Matter of Upjohn, 304 N. Y. 366; Matter of Watson, 262 N. Y. 284). The handwritten portion of the instrument is contained in a single long paragraph, devoid of proper sentence structure, capitalization or spelling. Although the testatrix lacked knowledge of legal terminology used in testamentary instruments, her intentions may be gleaned from a careful reading and analysis of her will. It is apparent testatrix had her brothers in mind as well as her friend, Annie M. Kuhnle, as objects of her bounty. The testatrix’ intention to devise and bequeath to Annie a life estate with the remainder, which she called the “ Balance ”, to her brothers is apparent from the fact that she used the following language: “ After the death of Annie M. Kuhnle I appoint as Executor for my Brothers as named above Theodore Wieland ”, There would have been no purpose in naming a successor executor unless testatrix expected that there would be a remainder left after Annie’s death which would require its administration by a successor executor. What may appear to be an absolute gift expressed in an anterior clause of a will may be cut down by a posterior provision which is generally deemed to be a subsequent intention (Matter of Randall, 77 Misc. 41, 43).
However inartistically expressed, testatrix’ intention to give her friend a life estate and the remainder or residuary estate to her brothers or their heirs after the death of her friend, is further revealed by the following provisions in her will: (1) payment of the balance over; (2) naming of her brothers and their heirs as recipients of such balance; (3) specifying the shares each of such remaindermen were to receive; and (4) naming of a successor executor to protect her brothers’ interests in the estate after the death of the primary beneficiary. Where the *380 language used points to more than one possible interpretation of testator’s intent, that one should be adopted which prefers those of the blood over strangers. In the absence of clear and unequivocal language to the contrary, the court is justified in adopting a construction in favor of blood relatives (Wood v. Mitcham, 92 N. Y. 375; Matter of Werlich, 230 N. Y. 516).
The court determines that testatrix devised and bequeathed a life estate to her friend, Annie M. Kuhnle, without power to incumber or alienate the principal thereof.