Maximilian Moss, S.
Incidental to the judicial settlement of his account, the executor seeks a construction of the will to ascertain the validity and effect of paragraph “16” thereof with respect to the disposition of the property thereunder.
The testator died on February 23, 1960, leaving a will dated September 30, 1956, prepared in his own hand in the Polish language. By paragraph “ 16 ” thereof testator directed the executor to hold the money bequeathed to beneficiaries residing in Poland “ in the American Bank ” until that country would regain its full independence. Testator by his will further empowered the executor to send packages and to “ help these persons in Poland out of these funds if the attainment of full independence, will take more than ten years from the date of [his] demise; ”.
A will drawn by a layman must be construed with that fact in mind (Matter of Jann, 144 Misc. 64) and the surrounding circumstances known to him when the will was made may be considered to determine the testator’s intention (Matter of Neil, 238 N. Y. 138; Matter of Smith, 254 N. Y. 283). It is apparent from a reading of the will as a whole that testator was concerned with the welfare of his beneficiaries residing in Poland. But he could not forsee how long it might take to effect the full independence of that country. Hence testator empowered his executor to ‘ ‘ help ’ ’ the beneficiaries out of the funds if attainment of Poland’s independence would be delayed. However the extent of the help to be supplied to his beneficiaries is not limited to sending them packages. Had he intended such limitation he would have so stated. The testator’s intent not to limit such help is further revealed by the fact that one of the beneficiaries is a religious institution situated in Poland. If packages are sent to the religious institution instead of the monetary gift provided for it under the will the testamentary plan of the testator would be defeated.
The Surrogate of this court is of the opinion that the favorable conditions outlined in Matter of Tybus (28 Misc 2d 278) remain substantially the same and are in force and effect in Poland at the present time. The beneficiaries of the testator are in great *422 need of the money bequeathed to them in order to obtain better housing and properly .support and maintain themselves and their families. The court determines that it was testator’s intention to make the funds bequeathed to his beneficiaries in Poland available to help them achieve such end. The executor is directed to pay over the respective bequests to testator’s beneficiaries residing in Poland after deducting administration and other proper charges, by transmitting the funds through the Bank Polska Kasa Opieki, for the benefit of the particular legatee or beneficiary named in the will, subject to withdrawal by the person for whose benefit the funds are deposited in accordance with the plan described in Matter of Tybus (supra).
The decree shall provide for the filing with the court of duly authenticated receipts from the persons in Poland entitled to the funds.